THE STATE OF OHIO, APPELLANT, *v.* FREEMAN ET AL., APPELLEES.

---

[1] The record is somewhat puzzling

(No. C-850386—Decided May 7, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Ray E. Groneman,* for appellant.

*Robert R. Hastings, Jr.,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

On February 28, 1985, the grand jury of this county returned an indictment charging both defendants-appellees with a violation of R.C. 2925.03(A)(2), trafficking in drugs. The drug was marijuana. The defendants pled not guilty and filed motions to suppress physical evidence. The court below heard and granted these motions, the judgment thereupon constituting the genesis of this appeal.[1]

The state is the appellant. It asserts in the sole assignment of error

whether each defendant filed a separate motion to suppress. Regardless, the ultimate order of the court below suppressed *all* physical evidence thus profiting *both* George and Teresa A. Freeman.

that the trial court committed prejudicial error by granting the motion to suppress.

The affidavit and search warrant in point — Exhibit 15 — are in the record, and the complete contents thereof are known to the parties and their counsel. We do not therefore purposelessly surcharge this decision with the verbatim search warrant and affidavit. Only the cardinal portions need be referenced. Police Officer Paul D. Glindmeyer of the Cincinnati Police Division — the affiant — describes in his affidavit a controlled buy executed by a "concerned citizen" within appellees' apartment, together with the manner in which appellees' apartment was watched to assure that the contraband came from said apartment. We view the affiant's use of the description "concerned citizen" merely as a nonprejudicial euphemism.[2]

After the controlled buy, Cincinnati police officers entered the premises with the search warrant and secured evidence. We see here circumstances analogous to those before the United States Supreme Court in *Maryland* v. *Macon* (1985), 472 U.S. 463, in which a county detective entered an adult bookstore and purchased two magazines from a salesclerk with a marked $50 bill. The detective then left the store and showed the magazines to fellow officers who were waiting nearby. Upon concluding that the magazines were obscene, the detective returned to the store and arrested the salesclerk (similar to the developments before us). The magazines were introduced into evidence and the jury found the salesclerk guilty. A Maryland court of appeals reversed, but the United States Supreme Court held that the detectives did not obtain possession of the allegedly obscene magazines by means of an unreasonable search or seizure. The sale of the magazines, the United States Supreme Court held, was a transaction in the ordinary course of business. So, also, those who frequented the Freemans' apartment, including the "concerned citizen," were voluntarily admitted and allowed to make purchases. The "concerned citizen" did not originally enter the premises of the Freemans as a result of the search warrant. He entered without opposition and once inside secured certain information about the presence of marijuana and paraphernalia, which intelligence he promptly conveyed to the affiant, Police Officer Glindmeyer; who then obtained the search warrant.

Glindmeyer's affidavit incorporates this language:

"The concerned citizen stated there was marijuana in the kitchen and packaging equipment throughout the apartment within the past 12 hours."

The affidavit, incidentally, was signed by Glindmeyer on February 12, 1985, and the ensuing search warrant was authorized by a judge of the municipal court on the same date "at 1845 o'clock."

The common pleas court judge in granting the motion to suppress found the language "within the past 12 hours" a particular stumbling block. We view the time reference as no impediment to the validity of the affidavit and warrant. To us the obvious interpretation is that all events occurred within the twelve hours immediately

---

[2] The so-called "concerned citizen" was in fact an informant. There is no indication which we are able to discern that the "concerned citizen" in any manner forced his way into the Freeman apartment, or that he entered through deception. He wanted to make a buy and at least was allowed to enter as a buyer; in fact probably he was welcomed as a customer.

44

prior to the time when the search warrant was sought and secured. At the least, that is a reasonable construction. We think the element of timeliness was thus established. The court below seems to have been unduly and over-technically caught up with the twelve hours, a stance on the face of it inconsistent with the letter and spirit of *Illinois* v. *Gates* (1983), 462 U.S. 213, and *Massachusetts* v. *Upton* (1984), 466 U.S. 727, *quod vide*. Both *Illinois* v. *Gates* and *Massachusetts* v. *Upton* espouse the "totality of the circumstances" approach in determining the validity of a search warrant and whether the affidavit upon which it is bottomed provides probable cause for issuance of the warrant. Both Supreme Court cases reject hypertechnical tests in determining whether affidavits establish probable cause.

Additionally, here the detailed affidavit of the police officer comports with the precepts enunciated in *United States* v. *Leon* (1984), 468 U.S. 897, including the holding that the Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate. The record *sub judice* reflects such reasonable reliance by the officers.

Furthermore, this court has upheld search warrants based upon affidavits relating to controlled buys. *State* v. *Brewer* (July 25, 1984), Hamilton App. No. C-830756, and *State* v. *Stickrod* (Feb. 15, 1984), Hamilton App. No. C-830337, unreported.

We conclude that the assignment of error, therefore, is well-taken. We reverse the judgment below granting the motion (or motions) to suppress, and this cause is remanded for trial or other lawfully acceptable determina-

tion of the charges pending against George and Teresa A. Freeman.

*Judgment reversed*
*and cause remanded.*

KEEFE, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.