Appellant Kimberly Taylor appeals her conviction for cocaine possession, in violation of R.C. 2925.11. She assigns three errors for this court's review.
"Assignment of Error No. One:
 "When immediately before Trial the State offers incriminating evidence beyond the scope of its Bill of Particulars, and upon the Defendant's objection, the Trial Court must exclude the evidence In Limine or grant the Defendant a reasonable continuance so that she might reasonable [sic] confront the newly proposed evidence."
"Assignment of Error No. Two:
 "The reliability of an informant/operative who is 'working off charges' (the State forgoes his prosecution in exchange for assistance), but who has not successfully delivered good information to affiant officer in the past, is inherently suspect and the managing officer's subjective conclusion that his operative is reliable is insufficient upon which to base a magistrate's probable cause finding for a search warrant."
"Assignment of Error No. Three:
 "When an informant is the only witness to a crime that provides the basis for a search warrant, it is prejudicial error for the State to not be compelled to disclose that informant's identity so that she can be interviewed and available to be called as upon cross examination by the defense."
Finding none of the assignments meritorious, we affirm the judgment of the trial court.
 I.
Confidential informants advised Sergeant Roger Moore of the Chillicothe Police Department that they had purchased cocaine from the appellant while they were at the appellant's home. For approximately three years, Sgt. Moore had heard several complaints that the appellant's home was a known crack house located in an area with high drug activity. Sgt. Moore had personally observed known crack abusers enter and exit the appellant's home on various occasions.
Based on the information given to him, Sgt. Moore arranged for a controlled purchase of drugs using one of the informants. The informant returned to the appellant's home and attempted to purchase cocaine from the appellant. The informant used by Sgt. Moore had made successful controlled purchases on two prior occasions. Sgt. Moore searched the informant thoroughly before sending the person to the appellant's home, making sure that the informant carried no contraband, and gave the informant marked currency with which to purchase drugs. Sgt. Moore observed the informant enter the home and then exit a short time later. The informant returned with small rocks believed to be crack cocaine. Sgt. Moore field-tested the rocks and confirmed they were crack cocaine. The informant also told Sgt. Moore that the appellant had sold the crack from a black purse and that there was more cocaine in the home.
Based on the results of the controlled purchase, Sgt. Moore sought a search warrant for the appellant's home. In support of the warrant, Sgt. Moore signed an affidavit stating:
 "AFFIANT STATES THAT IN THE LAST SEVENTY-TWO HOURS HE WAS CONTACTED BY A RELIABLE CONFIDENTIAL INFORMANT. THE CONFIDENTIAL INFORMANT WAS SENT TO [APPELLANT'S HOME] TO PURCHASE CRACK COCAINE. THE RELIABLE CONFIDENTIAL INFORMANT WAS SEARCHED PRIOR TO ENTERING THE APARTMENT AND NO CONTRABAND WAS FOUND. THE CONFIDENTIAL INFORMANT WAS GIVEN PRE-RECORDED MONIES TO MAKE DRUG PURCHASES. SURVEILLANCE WAS CONDUCTED BY THE CHILLICOTHE POLICE OFFICERS AND THE INFORMANT WAS OBSERVED ENTERING [THE HOME]. THE INFORMANT WAS LATER OBSERVED EXITING [THE HOME] AND CONTACTED THE AFFIANT WHO WAS ON THE SURVEILLANCE DETAIL. THE CONFIDENTIAL INFORMANT GAVE THE AFFIANT OFF WHITE COLORED ROCKS BELIEVED TO BE CRACK COCAINE. THESE ROCKS WERE FIELD TESTED AND A POSITIVE RESULT OBTAINED. THE CONFIDENTIAL INFORMANT WAS SEARCHED AGAIN AND NO OTHER CONTRABAND WAS FOUND ON THAT PERSON. THE CONFIDENTIAL INFORMANT ADVISED THAT THE PURCHASE WAS MADE FROM KIM TAYLOR * * * AND MORE CRACK COCAINE WAS OBSERVED INSIDE * * * ."
A Chillicothe Municipal Court judge issued the search warrant, which officers executed the same day. The officers seized nineteen items from the appellant's home, eleven of which later tested positive for traces of cocaine. The Ross County Grand Jury returned an indictment, which charged: "That Kim Taylor, on or about the 1st day of January, 1997, at the County of Ross aforesaid did knowingly obtain, possess or use Cocaine, a schedule II controlled substance, in violation of Section 2925.11 of the Ohio Revised Code * * * ." The appellant pled not guilty.
After nearly one year, two continuances, and two changes in counsel, the appellant requested a Bill of Particulars, pursuant to Crim.R. 7(E), and a notice of the evidence the state intended to use in its case, pursuant to Crim.R. 12(D)(2). The appellee supplied the appellant with a bill of particulars that closely tracked the language of the indictment. The bill of particulars varied from the indictment only in its specification of the appellant's address and that the appellant committed the offense "between the hours of 8:00 PM and 10:30 PM."
The appellant moved to suppress the items seized from her home, claiming that Sgt. Moore's supporting affidavit was insufficient to establish probable cause. The appellant also moved for an order compelling the appellee to reveal the identity of the confidential informant. The trial court denied both motions. The court found the affidavit sufficient to establish probable cause and found the informant's identity immaterial to either establishing an element of the charged offense or assisting the appellant's preparation of a defense.
Prior to trial, the appellant made a motion in limine to exclude certain items of evidence seized from the appellant's home. The trial court sustained the appellant's motion with respect to all items found in the common areas of the appellant's shared home. However, the trial court overruled the motion with respect to all other items. The state was allowed to use a black change purse found on the appellant's person, which contained cocaine residue, and a vial containing a small rock of crack cocaine found in the appellant's bedroom. After the court allowed the appellee to use the latter item, the appellant changed her plea to no contest after negotiating a plea agreement with the appellee. The trial court accepted the plea, found the appellant guilty of possessing cocaine, and sentenced her to five years community control sanctions. The appellant commenced this appeal.
 I.
In her first assignment of error, the appellant asserts that the trial court erroneously allowed the appellee to amend its bill of particulars and broaden the scope of the state's intended proof at trial. In response to a request by the appellant, the state provided a bill of particulars to the appellant well before trial. The state's bill of particulars allegedly became a subject of discussion during an in-chambers meeting between the parties and the trial court prior to the hearing on the motion to suppress. The substance of this discussion apparently resurfaced during the hearing, when the appellant's counsel expressed confusion over the specific items he was trying to suppress:
 "MR. HIRSCH: * * * I believe that the only thing that the State has that we want to, need to suppress * * * is some residue that was purportedly found in that purse. * * * I'd like to know what we're trying to suppress. I would like to know that.
* * *
THE COURT: You've got a bill of particulars.
MR. HIRSCH: Okay.
 THE COURT: I've heard counsel tell you in chambers that * * * the evidence is * * * residue, is crumbs, located in a change purse or located somewhere. That's what you're trying to suppress. You know that from counsel's statement. [N]ow you know it on the record."
From this discussion and the prior in-chambers meeting, the appellant claims that she understood the cocaine found in the change purse to be the only item of evidence upon which the appellee would base its case. The appellant therefore filed a motion in limine to exclude all other items seized from the appellant's home. Despite this purported arrangement, the trial court allowed the state to use other evidence apart from the change purse on the day of trial. The trial court's ruling on the appellant's motion in limine, the appellant contends, constituted an amendment to the bill of particulars. As a result, the appellant claims she was misled by the state's bill of particulars into thinking the appellee's case revolved around only the change purse and not any cocaine seized from the appellant's bedroom. The misleading nature of the bill of particulars, according to the appellant, should result in reversal. The appellant's argument is unpersuasive.
The bill of particulars provided by the appellee, on its face, did not limit the prosecution to proof of any particular item of evidence. The bill of particulars stated simply that the prosecution would prove:
 "That Kim Taylor, on or about the 1st day of January, 1997, between the hours of 8:00 PM and 10:30 PM at [appellant's address], Chillicothe, Ross County, Ohio aforesaid did knowingly obtain, possess, or use Cocaine, a schedule II controlled substance."
The purpose of a bill of particulars is to "elucidate or particularize the conduct of the accused" and not to provide specifications of evidence or to serve as a substitute for discovery. State v. Lawrinson (1990), 49 Ohio St.3d 238, 239;State v. Sellards (1985), 17 Ohio St.3d 169, 171. In this case, the bill of particulars tracked the language of R.C. 2925.11
and the indictment, adding only the specification of the time and place of the alleged offense. It makes no mention of any specific items upon which the prosecution intended to rely. Consequently, the court's overruling of the appellant's motionin limine, as it pertained to the cocaine found in her bedroom, has no conceivable relation to the bill of particulars. The court's ruling simply governed the admissibility of certain evidence at trial. Rather than raising a challenge to the bill of particulars, the appellant is, in effect, challenging the trial court's ruling on her motion in limine. An adverse ruling on a motion in limine is generally not preserved for appeal following a no contest plea. See State v. Gabel (1991),75 Ohio App.3d 675, 677; State v. Ruegsegger (1989), 64 Ohio App.3d 626,629; Columbus v. Sullivan (1982), 4 Ohio App.3d 7,9.
Notwithstanding the appellant's explicit focus on the bill of particulars, we recognize what appears to be the appellant's implicit argument. The appellant is really challenging the prosecution's attempt to introduce evidence beyond the scope of some purported agreement between the parties. The record shows that the appellant knew of the substance seized from her bedroom. This substance is revealed on an inventory of items seized, and the appellee provided the defense with Bureau of Criminal Identification and Investigation reports which detailed the various items testing positive for cocaine. Despite this knowledge, the defense contends that it hadno notice of the state's intent to use the evidence at trial. Had she known the appellee's intention to use the substance found in her bedroom, the appellant claims she could have sought an independent chemical test, just as she had done with the cocaine residue found in her change purse. The appellant insisted at trial that the prosecution never gave to defense counsel any substance seized from the bedroom.
In the abstract, the appellant's argument might be cognizable as an allegation of prosecutorial misconduct or as a discovery violation. However, on the record before us, we are unable to decide any such claim. The record contains no written request for discovery from the appellant. The record shows that the appellant requested notice of the items that the state intended to use at trial; however, there is no written document from the appellee indicating that it intended to use only the change purse as evidence. The appellant directs us to the transcript from its motion to suppress hearing, pointing out the court's statement that the items the appellant sought to suppress were "crumbs, located in a change purse or somewhere." An understanding of this isolated comment by the court necessarily depends on the substance of the parties' in-chambers discussion, of which we have no record. Thus, the appellant's argument that the prosecution somehow "misled" them relies on facts outside of the record, rendering us unable to address them on direct appeal. Cf. State v. Cooperrider (1983), 4 Ohio St.3d 226,228 (cannot address ineffective assistance of counsel claim on direct appeal based on matters outside the record); State v. Vroman (June 21, 1996), Ross App. No. 95CA2138, unreported (same). While the appellant's version of the events is plausible, we cannot conclude that it is the correct one. The appellant could have conducted more formal discovery or entered a stipulation into the record to memorialize the appellee's purported agreement to limit the pre-sentation of evidence. The appellant also could have sought to supplement the record by invoking the procedures of App.R. 9(C) or 9(E) to reconstruct what was said during the in-chambers discussion. See State v. Brewer (1990), 48 Ohio St.3d 50,61. The appellant did none of these things, leaving us with a record that fails to support her contentions.
The first assignment of error is overruled.
 II.
In her second assignment of error, the appellant argues that the trial court incorrectly denied her motion to suppress the evidence seized pursuant to the search warrant. The appellant contends that Sgt. Moore's affidavit was insufficient to establish probable cause, rendering the search warrant invalid. The basis of the appellant's argument rests on Sgt. Moore's use of a confidential informant. At the hearing on the motion to suppress Sgt. Moore acknowledged that the informant had made two successful controlled buys for him but that neither instance resulted in a prosecution. Sgt. Moore also admitted that the informant was giving information in exchange for the police abandoning drug-related charges against the informant. The appellant argues that there was no indicia of the informant's reliability, rendering the informant's information suspect and insufficient to justify a search warrant. We disagree with the appellant.
In deciding whether to issue a search warrant, the issuing magistrate must scrutinize the affidavit submitted in support of the warrant. The magistrate's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit * * *, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George (1989), 45 Ohio St.3d 325, paragraph one of syllabus (quoting Illinois v. Gates
(1983), 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527). The standard for issuing a search warrant is merely probability, given the totality of the circumstances, and not a prima facie showing of criminal activity. Id. at 329. In deciding whether an affidavit submitted in support of a search warrant was sufficient to support a finding of probable cause, a reviewing court must give great deference to the issuing magistrate's determination. George at paragraph two of syllabus; see, also, Gates, 462 U.S. at 237, 103 S.Ct. at 2331. A reviewing court should not substitute its judgment for that of the magistrate and any marginal cases should be resolved in favor of upholding the warrant. George at paragraph two of syllabus; State v. Taylor (1992), 82 Ohio App.3d 434, 441. Our task is simply to decide whether there were enough facts presented to the issuing magistrate to allow that official to independently determine the existence of probable cause. Gates,462 U.S. at 239, 103 S.Ct. at 2332.
In this case, the appellant characterizes Sgt. Moore's affidavit as providing "barebones conclusions" with no supporting facts, giving no indicia of the reliability of the informant used by the police. See, e.g., State v. Rodriguez
(1989), 64 Ohio App.3d 183, 187 ("bare-bones" affidavit containing only conclusions cannot form basis of probable cause); Gates, supra, 462 U.S. at 239, 103 S.Ct. at 2332
(magistrate must not issue search warrant based on mere ratification of bare conclusions of others). However, the affidavit contained more than "bare-bones" conclusions about the informant's veracity and more than information simply relayed by the informant to Sgt. Moore. The affidavit recited that Sgt. Moore used the informant in a recent controlled purchase.[1] The affidavit described how the informant was searched prior to entering the appellant's home and that the informant emerged from the appellant's apartment with crack cocaine purchased from the appellant. Thus, the facts in the affidavit went much further than merely reciting conclusory allegations from an informant's tip; the affidavit described the results of a controlled drug purchase using the informant. The detailed account of the controlled purchase provided sufficient facts, based upon the totality of the circumstances, to support the magistrate's finding of probable cause. See,e.g., State v. Freeman (1986), 32 Ohio App.3d 42, 44 (detailed affidavit relating to controlled buy is sufficient to establish probable cause); State v. Fisher (Nov. 1, 1990), Cuyahoga App. No. 57505, unreported (informant making a controlled drug purchase supports finding of probable cause); State v. Brewer
(July 25, 1984), Hamilton App. No. C-830756, unreported (same). We overrule the second assignment of error.
 III.
In her third assignment of error, the appellant claims that she was entitled to a disclosure of the informant's identity. The appellant alleges that knowledge of the informant's identity would have been helpful to her defense because the informant was the "only witness to a crime that provides the basis for the search warrant * * * ." The appellant's argument is meritless.
A criminal defendant is entitled to disclosure of a confidential informant's identity only where the informant's testimony is either: (1) vital to establishing an essential element of the offense charged; or (2) helpful or beneficial to the accused in preparing a defense. State v. Williams (1983),4 Ohio St.3d 74, syllabus. If the informant's degree of participation is such that the informant is essentially a state's witness, the balance tilts in favor of disclosure. Id.
at 76. Conversely, where disclosure is not helpful to the defense, the prosecution need not reveal the informant's identity. Id. When an informant has acted merely as a tipster or where the informant's involvement is limited to providing information relevant to a probable cause determination, disclosure is generally not required. State v. Parsons (1989),64 Ohio App.3d 63, 67-69. The defendant bears the burden of establishing the need for learning an informant's identity. Id.
at 69. We will not reverse a trial court's decision denying a request for disclosure absent an abuse of discretion. State v.Feltner (1993), 87 Ohio App.3d 279, 282; State v. Robinette
(June 10, 1992), Jackson App. No. 669, unreported. A court does not abuse its discretion unless it acts with an (1980), 62 Ohio St.2d 151,157.
In claiming an entitlement to know the informant's identity, the appellant emphasizes that police officers did not witness the "alleged crime" giving rise to the search warrant. The appellant's argument fails to recognize that the information supplied by the informant plays no part in the offense for which the appellant was convicted. In this case, the informant made a controlled purchase of drugs, which formed the basis of Sgt. Moore's affidavit, which led to the search warrant and ultimate discovery of cocaine in the appellant's apartment. The appellant was convicted for drug possession under R.C. 2925.11; the appellant was not charged for the transaction in which the informant purchased crack cocaine from her. Thus, the informant was not involved in any essential element of the crime. The appellant's offense was based solely on evidence found during the police's execution of the search warrant. The informant's role was limited to that of providing the basis for probable cause. This does not provide a basis for disclosure. Parsons,supra, 64 Ohio App.3d at 68; see, also, State v. Pollard (Mar. 25, 1994), Ashtabula App. No. 93-A-1767, unreported; State v.Pettis (Oct. 17, 1991), Cuyahoga App. No. 59174, unreported.
Further, the appellant has not demonstrated how the informant's identity would have been helpful to her defense. The appellant merely asserts that the informant should have been available for an interview and/or cross-examination at trial. However, mere speculation that learning an informant's identity would be helpful is insufficient to establish a need for disclosure. Parsons, supra, 64 Ohio App.3d at 69; State v.Ray (Jan. 27, 1994), Cuyahoga App. No. 63966, unreported. The appellant has not established any basis entitling her to disclosure of the informant's identity. We overrule the third assignment of error.
Having overruled each of the appellant's assignments of error, we affirm the judgment of the common pleas court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Evans, J.:
Concur in Judgment Opinion.
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Although the affidavit stated that the informant's controlled purchase took place "in the last seventy-two hours," Sgt. Moore testified during the hearing on the motion to suppress that he sought the search warrant on the same day as the controlled purchase.