DECISION AND JUDGMENT ENTRY
{¶ 1} Karla Raines appeals the Ross County Common Pleas Court's denial of her motion to suppress evidence seized in accordance with a search warrant. She argues the first search warrant is invalid because the supporting affidavit failed to establish probable cause. She further argues that if the first search warrant is invalid, then the second search warrant is also invalid since it was based on information obtained during the first search. Having reviewed the affidavit supporting the first search warrant, we find there was a substantial basis for the issuing judge's conclusion that probable cause existed. Accordingly, the trial court did not err in denying Raines' motion to suppress.
 {¶ 2} In early 2002, the Chillicothe Police Department and the Ross County Sheriff's Office began receiving reports that Raines was selling crack-cocaine from her house at 295 So. Paint Street. Detective Robert Stewart of the Ross County Sheriff's Office arranged for a confidential informant to make four purchases of crack-cocaine from the house. The last purchase occurred in July 2002. Before the confidential informant entered the house, Detective Stewart thoroughly searched both the informant and the informant's vehicle. After searching the informant, Detective Stewart gave the informant money to purchase the crack-cocaine. He also gave the informant an audio transmitter so that officers could monitor the transaction. Detective Stewart observed the informant enter Raines' house and then exit approximately two minutes later. After exiting Raines' house, the informant gave Detective Stewart off-color white rocks, stating that he/she had purchased them from Raines. Detective Stewart field-tested the rocks and confirmed the presence of cocaine.
 {¶ 3} Based on the controlled purchase, Detective Stewart sought a search warrant for Raines' house. In support of the warrant, Detective Stewart signed an affidavit stating:
 {¶ 4} "Over the past few months, the Chillicothe Police Department and the Ross County Sheriff's office has received reports that Karla J. Raines is selling crack-cocaine from her residence on South Paint St. in Chillicothe. Over the past one and one-half months, affiant has been the case officer on four purchases of crack-cocaine from the two story brick house with a listed address of 295 South Paint St. Chillicothe, Ohio using a confidential informant. The most recent purchase taking place in the past seventy two hours with the confidential informant being searched, Along with their vehicle, Prior to the purchase. The informant was then given money to purchase crack-cocaine and an audio transmitter. Affiant then followed the confidential informant from the spot of the meet and search directly to Karla Raines residence at 295 South Paint St. The informant was kept under constant surveillance until they entered the residence. The informant was inside the residence approximately two minutes and was again under the constant surveillance by officers until affiant again met with the informant and was given off colored white rocks which the informant stated they obtained from Karla Raines. Affiant field tested the off colored rocks and the result was positive for the presence of cocaine using a searchie cocaine test kit. The confidential informant and vehicle was again searched. The confidential informant stated to affiant that they purchased crack-cocaine inside the residence from Karla Raines with the money given to them by affiant. During the above transaction, officers monitored the conversation while the informant was making the purchase and could hear the informant talking with a female inside the residence about the transaction."
 {¶ 5} A Chillicothe Municipal Court judge issued the search warrant, which officers executed the same day. While executing the warrant, the officers observed Raines approaching the house from the direction of an alley at the rear of the house. When the officers searched Raines, they discovered a set of keys in her pocket. A tag on the keys indicated that they belonged to a Ford Ranger from Pauls Motors Sales. After locating the unoccupied vehicle in the alley, the officers called for a canine unit. When the canine unit arrived, the dog circled the vehicle and alerted to the presence of narcotics. The officers then obtained a search warrant for the vehicle. A search of the vehicle revealed a purse containing cocaine and personal items belonging to Raines.
 {¶ 6} In January 2003, the grand jury indicted Raines on one count of possession of cocaine in violation of R.C. 2925.11. Subsequently, Raines filed a motion to suppress the cocaine seized from the vehicle. She argued the first search warrant was not supported by probable cause. She further argued that the second warrant was based solely on information obtained during the first search. She argued that evidence obtained during an illegal search cannot be used to support a second search. After considering the affidavits and warrants as the parties had agreed, the trial court denied Raines' motion to suppress. The case then proceeded to trial where a jury found Raines guilty of possession of cocaine, a first degree felony. At sentencing, the court imposed a sentence of four years imprisonment. Raines now appeals the denial of her motion to suppress and raises the following assignment of error: "The court below erred in [not] suppressing the evidence in this case, as the first search warrant was not based upon sufficient probable cause, and the second warrant was issued only upon information garnered during the conduct of the first search. The searches were therefore a violation of Appellant's right to be free from unreasonable searches as guaranteed by the Fourth Amendment to the United States Constitution and Article I Section 14 of the Constitution of the State of Ohio."
 {¶ 7} In her sole assignment of error, Raines advances two arguments. Initially, she argues the affidavit upon which the first search warrant was based was insufficient to provide probable cause.
 {¶ 8} Crim.R. 41(C) sets forth the procedure for issuing search warrants. It provides: "A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge or a court of record and establishing the grounds for issuing the warrant. * * * If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing there is a factual basis for the information furnished. * * *" Crim.R. 41(C).
 {¶ 9} When reviewing a request for a search warrant, the issuing magistrate or judge must "make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George (1989),45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus, quotingIllinois v. Gates (1983), 462 U.S. 213, 238, 103 S.Ct. 2317,76 L.Ed.2d 527. Thus, probable cause does not require a prima facie showing of criminality. Id. at 329. See, also, State v.Russell (June 30, 1998), Athens App. No. 97CA37. Rather, probable cause is satisfied if there is a probability, given the totality of the circumstances, that criminal activity is occurring at the place to be searched. George; Russell.
 {¶ 10} In reviewing the validity of an affidavit supporting a search warrant, neither the trial court nor the appellate court should substitute its judgment for that of the issuing magistrate or judge. George, 45 Ohio St.3d 325, paragraph two of the syllabus. Rather, a reviewing court should accord great deference to the magistrate's or judge's determination of probable cause.Id. The duty of a reviewing court is simply to ensure that the issuing magistrate of judge had a substantial basis for concluding that probable cause existed. Id.
 {¶ 11} In arguing that Detective Stewart's affidavit is insufficient to establish probable cause, Raines focuses on Detective Stewart's use of a confidential informant. She contends Detective Stewart's affidavit relies primarily on information from the informant without giving any indication of the informant's reliability or veracity. She argues that absent an indication that the informant was reliable, the information was insufficient to justify a search warrant.
 {¶ 12} An issuing judge or magistrate must consider the totality of the circumstances when determining whether information from an unidentified informant establishes probable cause. See Illinois v. Gates (1983), 462 U.S. 213, 230,103 S.Ct. 2317, 76 L.Ed.2d 527. While an informant's veracity, reliability, and basis of knowledge are relevant considerations in the totality of the circumstances analysis, they are not to be viewed as rigid requirements that must be demonstrated before a search warrant may be issued. See Id. Rather," they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is `probable cause' to believe that contraband or evidence is located in a particular place." Id. Thus, "a deficiency in one may be compensated for * * * by a strong showing as to the other, or some other indicia of reliability." Id. at 233.
 {¶ 13} In State v. Taylor (June 2, 1999), Ross App. No. 98CA2451, we considered the same issue raised by Raines under facts nearly identical to those presented here. In Taylor,
confidential informants advised Sergeant Roger Moore of the Chillicothe Police Department that they had purchased cocaine from Kimberly Taylor while at her house. Sergeant Moore had heard complaints that Taylor's house was a known crack house and had personally observed known crack users enter and exit the house. Based on the information from the confidential informants, Sergeant Moore arranged for one of the confidential informants to make a controlled purchase of drugs. The informant Sergeant Moore used had made successful controlled purchases on two prior occasions. Before sending the informant into Taylor's home, Sergeant Moore thoroughly searched the informant and gave the informant marked money with which to purchase the drugs. Sergeant Moore observed the informant enter the home and then exit a short time later. The informant returned with small rocks, which subsequent tests identified as cocaine. The informant told Sergeant Moore that Taylor had sold the crack from a black purse and that there was more cocaine in the home. Based on the controlled buy, Sergeant Moore sought and obtained a search warrant for Taylor's home. A search of the home yielded nineteen items, eleven of which tested positive for traces of cocaine. Following her conviction for possession of cocaine, Taylor appealed. She challenged the trial court's denial of her motion to suppress, arguing that Sergeant Moore's affidavit was insufficient to establish probable cause. She argued that there was no indicia of the informant's reliability, which rendered the informant's information suspect and insufficient to justify a search warrant. Rejecting her argument we stated: "However, the affidavit contained more than `bare-bones' conclusions about the informant's veracity and more than information simply relayed by the informant to Sgt. Moore. The affidavit recited that Sgt. Moore used the informant in a recent controlled purchase. The affidavit described how the informant was searched prior to entering the appellant's home and that the informant emerged from the appellants' apartment with crack cocaine purchased from appellant. Thus, the facts in the affidavit went much further than merely reciting conclusory allegations from an informant's tip; the affidavit described the results of a controlled drug purchase using the informant. The detailed account of thecontrolled purchase provided sufficient facts, based upon thetotality of the circumstances, to support the magistrate'sfinding of probable cause. See, e.g., State v. Freeman (1986),32 Ohio App.3d 42, 44, 513 N.E.2d 1354 (detailed affidavit relating to controlled buy is sufficient to establish probable cause); State v. Fisher (Nov. 1, 1990), Cuyahoga App. No. 57505, unreported (informant making a controlled drug purchase supports finding of probable cause); State v. Brewer (July 25, 1984), Hamilton App. No. C-830756, unreported (same)."
Taylor, supra (Emphasis added.)
 {¶ 14} Although Raines argues there is no indication that the informant is reliable, Detective Stewart's affidavit indicates that the confidential informant made controlled purchases from Raines' house on three prior occasions. Moreover, Detective Stewart's affidavit does not rely solely on information from the confidential informant. Rather, Detective Stewart relied on his own personal knowledge to describe the controlled purchase. He indicated that he searched the informant's person and vehicle before the informant entered Raines' house. He further indicated that the informant was under constant surveillance on the way to and from Raines' house. From this it can be inferred that the informant did not possess any contraband at the time he/she entered Raines' house. Detective Stewart observed the informant enter and exit the house and the informant was monitored by audio the entire time he/she was in the house. Detective Stewart's affidavit establishes that when the informant exited Raines' house, he/she gave Detective Stewart white rocks that tested positive for the presence of cocaine. This detailed account of the fourth controlled purchase was sufficient to establish probable cause to believe that contraband would be found in Raines' house. See Taylor, supra. Thus, we conclude there was a substantial basis for concluding probable cause existed. Accordingly, appellant's first argument has no merit.
 {¶ 15} In her second argument, Raines argues that the second search warrant was invalid because it was based on information obtained during the first search. She argues that evidence obtained during an illegal search may not be used to support a second search. Raines second argument depends upon a favorable ruling under her first argument. Since we conclude her first argument has no merit, we summarily reject her second argument. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
Kline, P.J., concurs in judgment and opinion.
Evans, J., not participating.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial Court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.