The STATE of Ohio, Appellee,

v.

NUNEZ, Appellant.

[Cite as *State v. Nunez,* 180 Ohio App.3d 189, 2008-Ohio-6806.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–08–003.

Decided Dec. 19, 2008.

Russell Leffler, Huron County Prosecuting Attorney, for appellee.

K. Ronald Bailey, for appellant.

---

PIETRYKOWSKI, Presiding Judge.

{¶ 1} This case arises out of the search of the apartment of appellant, Lorenzo Nunez Jr., by the Huron County Sheriff's Department on January 10, 2007. The search was conducted pursuant to a search warrant issued by the Norwalk Municipal Court. After the search, Nunez was indicted for possession of cocaine, a violation of R.C. 2925.11(A) and 2925.11(C)(4)(b) and a fourth-degree felony. He was prosecuted for the offense in the Huron County Court of Common Pleas.

{¶ 2} Nunez filed a motion in the trial court to suppress evidence from the search. The motion was overruled. Subsequently, he pleaded no contest to the possession of cocaine on October 10, 2007, and was convicted of the offense. Under a judgment entry filed on December 20, 2007, the trial court sentenced Nunez to a 16–month prison term, a fine of $500, and a one-year suspension of his driver's license for the offense.

{¶ 3} Nunez appeals his conviction and sentence to this court. He assigns three errors on appeal:

{¶ 4} "I. The trial court erred by refusing to suppress evidence seized pursuant to an invalid search warrant that was based upon an insufficient affidavit which failed to demonstrate a substantial basis for determining the existence of probable cause.

{¶ 5} "II. The trial court erred by applying the good faith exception to the exclusionary rule because the search warrant in question was based upon an affidavit so lacking in indicia of probable cause that it renders official belief in its existence entirely unreasonable.

{¶ 6} "III. The trial court erred when it ruled that the non-consensual entry was appropriate because the affidavit does not set forth the required statutory detail to dispense with knock and announce requirements."

{¶ 7} Crim.R. 12(I) provides that a plea of no contest "does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on * * * a pretrial motion to suppress evidence."

{¶ 8} Under assignment of error No. 1, appellant contends that the trial court erred in failing to suppress evidence gained from the search of his apartment. He claims that the search warrant should not have been issued because of the absence of a substantial basis to find probable cause for the search.

### Search Warrant and Affidavit

{¶ 9} The search warrant authorized the search of a duplex apartment occupied by appellant and his family at 214 East Tiffin Street in Willard, Ohio, for cocaine or other drugs of abuse, documents, packaging material, scales, U.S. currency, and weapons. The Huron County Sheriff's Department obtained the search warrant through use of the affidavit of Captain Robert McLaughlin. In the affidavit, McLaughlin recounted information from unnamed informants, results of the testing of drugs reportedly purchased from Ramon Garcia by one informant, and information from surveillance of appellant's residence on the date of an anticipated delivery of drugs to Garcia's drug supplier. For clarity, we will refer to the unnamed informants as Informants A, B, and C.

{¶ 10} According to the affidavit, Informant A had in the past made cocaine and marijuana purchases from drug suspects for the Huron County/Metrich Unit that resulted in criminal prosecutions in Huron County. McLaughlin stated that Informant A was a reliable, confidential informant. Informant A claimed to have purchased powdered cocaine from Ramon Garcia of Willard, Ohio, on December 8 and 21, 2006, and in January 2007. According to the affidavit, drugs from both December 2006 purchases were tested and found to contain cocaine.

{¶ 11} During the cocaine buys, Informant A reportedly observed Garcia go into the 17 North Church Street address in Willard and return with the drug. Garcia roomed at that address.

{¶ 12} The affidavit also states that Informant A learned from another informant, Informant B,[1] that Garcia had two suppliers of cocaine—Noe Silva of 17 North Church Street in Willard and Lorenzo Nunez Jr. of 214 East Tiffin Street in Willard. Informant B was not told the full name of the claimed suppliers, and the affidavit does not explain how Informant B concluded that appellant was one of them. The affidavit fails to provide any statement as to the basis of knowledge or reliability of Informant B with respect to the assertion that appellant was one of Garcia's drug suppliers.

---

1. In their briefs, the parties refer to Ramon Garcia as the person who was Informant B. The affidavit, however, does not disclose the identity of Informant B.

{¶ 13} The affidavit includes an assertion that appellant supplied the drugs that Informant A purchased from Garcia in December 2006. This claim is not attributed to Informant B or to anyone else. The affidavit does not present any basis of knowledge of Captain McLaughlin, himself, for the statement.

{¶ 14} Captain McLaughlin stated in his affidavit that he was told by the chief of police of New London, Ohio, that Ramon Garcia's source for cocaine would receive approximately one kilo of powdered cocaine on January 8, 2007. The New London Police Department learned of the development from a confidential informant (Informant C) during the course of a drug investigation. Informant C had worked with both McLaughlin and the New London Police Department on drug investigations in the past.

{¶ 15} On the day of the expected arrival of the kilo of cocaine (January 8, 2007), McLaughlin conducted surveillance at the 214 East Tiffin Street address occupied by appellant. He saw a series of individuals come and go from the Nunez apartment in just over a one-hour period. An individual who had been driving an SUV knocked at the door and left at approximately 2:56 p.m. At 3:03 p.m., another individual arrived (by a vehicle that was registered to a person named Rodriquez) and knocked at the door. He left after receiving no response. Nunez returned with another man at approximately 3:18 p.m. After four minutes, Nunez left again. Shortly thereafter, at 3:28, another man arrived and entered the residence. That man left 17 minutes later, at 3:45 p.m., holding his arm close to his waistband "as if he was carrying something under his jacket." Five minutes later, at 3:50 p.m., Nunez returned. At 4:02 p.m., another individual arrived at the residence, driving the Rodriguez vehicle. The individual entered the residence and left after eight minutes, at 4:10 p.m.

{¶ 16} Captain McLaughlin is with the Huron County Sheriff's Department. His affidavit sets forth the fact that he has served as a law-enforcement officer since 1979 and is experienced in state and federal drug-trafficking investigations. In his opinion, the activity seen through surveillance of the Nunez residence on January 8, 2007, was Nunez's "main cocaine dealers * * * coming to the residence to obtain the drug."

### Sufficiency of Affidavit

{¶ 17} To determine whether a sufficient basis exists to find probable cause for the issuance of a search warrant requires consideration of the totality of the circumstances. *Illinois v. Gates* (1983), 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527. Under the totality-of-the-circumstances test, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information,

there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed. *Jones v. United States,* 362 U.S. at 271[, 80 S.Ct. 725, 4 L.Ed.2d 697].* * * " *State v. George* (1989), 45 Ohio St.3d 325, 329, 544 N.E.2d 640, quoting *Illinois v. Gates* at 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527.

{¶ 18} When a search warrant is issued, the determination by the issuing judge or magistrate that there was probable cause for the search is not subject to de novo review by appellate courts. *State v. George* at paragraph two of the syllabus, following *Illinois v. Gates,* 462 U.S. at 236, 103 S.Ct. 2317, 76 L.Ed.2d 527. "Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. "Even when a magistrate's determination of probable cause may be doubtful or marginal, the appellate courts should still give it 'great deference.' [*State v. George* at 330, 544 N.E.2d 640.]" *State v. Williams,* 173 Ohio App.3d 119, 2007-Ohio-4472, 877 N.E.2d 717, ¶ 13.

{¶ 19} Even under the totality-of-the-circumstances standard, an affidavit in support of a search warrant must contain "the presence of some indicia of veracity of the informant or the reliability of the information material to the probability of evidence of crime." *State v. Williams* at ¶ 18.

{¶ 20} Indicia of veracity or reliability of an informant's statement is not limited to statements from witnesses. It can be provided through police investigative work. In *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, the United States Supreme Court acknowledged that the court's decisions applying the totality-of-the-circumstances analysis "have consistently recognized the value of corroboration of details of an informant's tip by independent police work." *Illinois v. Gates* at 241, 103 S.Ct. 2317, 76 L.Ed.2d 527. (*Illinois v. Gates* addressed the issuance of a search warrant based upon an anonymous informant's tip partially corroborated by police.)

{¶ 21} Under assignment of error No. 1, appellant argues that the affidavit is insufficient to support the existence of probable cause due to its reliance on information provided by Informant B. Informant B is the unnamed source who identified appellant as one of two suppliers of cocaine to Ramon Garcia. No basis of the claimed knowledge of Informant B is provided in the affidavit. Informant B had no direct contact with the sheriff's department. Captain McLaughlin did not make any statement in the affidavit either supporting the reliability of Informant B or providing the basis of Informant B's claimed knowledge that appellant was a supplier of cocaine. No source in the affidavit, other than Informant B, identified appellant as a supplier of cocaine for Garcia.

{¶ 22} The state argues that the credibility of the statement that Noe Silva and appellant were suppliers to Garcia was supported by the fact that Garcia was seen entering 17 North Church Street to secure drugs for one of the sales to Informant A because Silva resided at that address. This argument lacks merit because Garcia also roomed at that address.

{¶ 23} The state also contends that surveillance corroborated Informant B's contention that appellant was a drug supplier to Garcia. On the day that Informant C indicated that drugs were to be delivered to Garcia's supplier, the sheriff's department conducted surveillance of appellant's apartment. The state claims that multiple short visits by various individuals to the residence, including one in which a visitor was noticeably hiding something on his person as he left, provided evidence of criminal activity and provided an indicia of reliability to Informant B's statement. Appellant argues that the surveillance did not show evidence of any criminal activity.

{¶ 24} We conclude that absent the results from surveillance, the affidavit lacked any indicia of reliability or information concerning the basis of the claimed knowledge of Informant B to support a conclusion that appellant supplied drugs to Garcia. The issue, therefore, becomes whether investigative work through surveillance of appellant's apartment on the date of anticipated delivery of drugs to Garcia's supplier provided sufficient corroboration to support issuance of the warrant.

{¶ 25} We recognize that "[e]ven in cases involving anonymous informants, a tip is sufficient where certain important or key elements of the tip are corroborated by police observation or investigation. *Alabama v. White* (1990), 496 U.S. 325[, 110 S.Ct. 2412, 110 L.Ed.2d 301]." *State v. Ross* (Jan. 16, 1998), 6th Dist. No. L–96–266, 1998 WL 15916. We conclude that such evidence is lacking here. The events observed in surveillance were too neutral in nature to corroborate the informants' tips. Alone, they did not constitute evidence of probable criminal activity. With due deference to the judge who issued the warrant, we conclude that he lacked a substantial basis for concluding that probable cause existed to conclude that contraband or evidence of a crime would be found through a search of appellant's apartment.

{¶ 26} Appellant's assignment of error No. I is, therefore, found well taken to the extent it asserts that the search warrant was issued in error. Whether evidence from the search must be suppressed under the exclusionary rule requires consideration of whether the good-faith exception to the rule applies.

### Good–Faith Exception to Exclusionary Rule

{¶ 27} The trial court also upheld admissibility of evidence from the search on the alternative ground that the good-faith exception to the exclusionary

rule under *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, and *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236, applied. Under assignment of error No. II, appellant contends that the good-faith exception does not apply because indicia of probable cause was so lacking that belief in the existence of probable cause for the search was "entirely unreasonable."

{¶ 28} The United States Supreme Court adopted the good-faith exception to the exclusionary rule in *United States v. Leon.* The Ohio Supreme Court explained and applied the rule in *State v. Wilmoth*:

{¶ 29} "1. The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid (*United States v. Leon* [1984], 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, followed).

{¶ 30} "2. Where the officer's conduct in the course of a search and seizure is objectively reasonable and executed in good faith, excluding the evidence because the search warrant is found to be constitutionally invalid will not further the ends of the exclusionary rule in any appreciable way." *State v. Wilmoth,* 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236, at paragraphs one and two of the syllabus.

{¶ 31} Surveillance of appellant's residence on the day of the anticipated delivery of drugs to Garcia's supplier was a logical means to attempt to secure confirmation that appellant was a supplier of drugs to Garcia. The date of delivery and the identity of the suppliers were provided by separate informants. While we have concluded that the results of the surveillance failed to provide the necessary corroboration to present a substantial basis to find probable cause for the search, the activity observed during surveillance reasonably could be interpreted as suspicious. Visits to the residence were brief. One individual who visited the apartment attempted to hide something on his person as he left.

{¶ 32} In applying the good-faith exception to the exclusionary rule, "the United States Supreme Court has cautioned that ' * * * the officer's reliance on the magistrate's probable-cause determination * * *must be *objectively reasonable* * * *.' (Emphasis added.) [*United States v. Leon,* 468 U.S.] at 922, 104 S.Ct. [3405, 82 L.Ed.2d 677]. See also *Massachusetts v. Sheppard,* [468 U.S. 981,] 988, 104 S.Ct. [3424, 82 L.Ed.2d 737]." *State v. George,* 45 Ohio St.3d at 331, 544 N.E.2d 640. Stated differently, "[t]he test for the good-faith exception is ' "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." ' *State v. Jones* (1991), 72 Ohio App.3d 522, 528, 595 N.E.2d 485, quoting *United States v. Leon,* 468 U.S. at

922, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677." *State v. Williams*, 173 Ohio App.3d 119, 2007-Ohio-4472, 877 N.E.2d 717, ¶ 27.

{¶ 33} We conclude that there is competent, credible evidence in the record supporting the trial court's finding that the sheriff's department acted in good faith in proceeding with the search under the circumstances. Given the results of surveillance, there was an objectively reasonable basis for the sheriff's department to conclude that probable cause existed for the search, despite the fact that the warrant was subsequently determined to be invalid. Appellant's assignment of error No. II is not well taken.

Knock and Announce

▮▮▮▮ {¶ 34} The search warrant included terms waiving the requirements of knock and announce. In Ohio, the "knock and announce rule" is codified in R.C. 2935.12. *State v. Oliver*, 112 Ohio St.3d 447, 2007-Ohio-372, 860 N.E.2d 1002, ¶ 9. "Exceptions exist, but the rule directs police officers executing a search warrant at a residence to first knock on the door, announce their purpose, and identify themselves before they forcibly enter the home." Id., citing *Wilson v. Arkansas* (1995), 514 U.S. 927, 935–936, 115 S.Ct. 1914, 131 L.Ed.2d 976.

{¶ 35} R.C. 2933.231(C) authorizes a judge or magistrate issuing a search warrant to waive the requirement "only if he determines there is probable cause to believe that, if the law enforcement officers or other authorized individuals who execute the warrant are required to comply with the statutory precondition for nonconsensual entry, they will be subjected to a risk of serious physical harm * * *." The search warrant in this case expressly authorized that the search could be conducted "without delay, and for the safety of officers involved that they may be commanded to enter without prior audible or visual notice or alarm to the person or persons found therein * * *."

{¶ 36} Under assignment of error No. III, appellant argues that the statutory requirements for waiver of the knock-and-announce rule were not met. He claims that the affidavit submitted in support of the waiver failed to comply with R.C. 2933.231(B)(1) through (4) for issuance of a waiver. He claims that the waiver was invalid and that the remedy for the error is to exclude evidence from the search under the exclusionary rule.

{¶ 37} R.C. 2933.231(B) requires that requests for waivers of the knock-and-announce rule include in the affidavit for issuance of a search warrant:

{¶ 38} "(1) A statement that the affiant has good cause to believe that there is a risk of serious physical harm to law enforcement officers or other authorized individuals who will execute the warrant if they are required to comply with the statutory precondition for nonconsensual entry;

{¶ 39} "(2) A statement setting forth the facts upon which the affiant's belief is based * * *;

{¶ 40} "(3) A statement verifying the address of the dwelling house or other building proposed to be searched * * *;

{¶ 41} "(4) A request that, based on those facts, the judge or magistrate waive the statutory precondition for nonconsensual entry."

{¶ 42} The McLaughlin affidavit included assertions that Ramon Garcia owned firearms and had recently discharged a firearm in one of his residences. The municipal judge conducted a brief hearing on the waiver request on January 10, 2007, during which the judge questioned McLaughlin under oath. A transcript of the testimony is included in the record in this appeal.

{¶ 43} McLaughlin testified that a confidential informant learned from Garcia's girlfriend that he had access to weapons at his bedroom at 4258 Broad Street and had fired a firearm twice into the floor there when upset in December 2006. McLaughlin testified further that he did not know where Garcia would be when he conducted the search at appellant's apartment.

{¶ 44} In ruling on the motion to suppress, the trial court found that "the tape of the dialogue between Judge Ridge [2] and Captain McLaughlin provides sufficient basis for the magistrate's decision in that it avers that Ramon Garcia was in possession of firearms, that he had recently discharged a firearm in a home and that it was likely he would be present at the residence at the time of the search."

{¶ 45} Appellate review of a ruling on a motion to suppress presents mixed questions of law and fact. Appellate courts are to accept a trial court's findings of fact on the motion when they are supported by competent, credible evidence in the record. *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 100; *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. An appellate court applies the appropriate legal standard to the accepted facts de novo, without deference to the trial court. Id.

{¶ 46} Appellant has argued that there was an absence of evidence of a risk of serious physical harm to officers executing the search warrant at appellant's apartment if the knock-and-announce rule were not waived. We agree. Competent, credible evidence was lacking to conclude that serious risk of physical harm was presented to law-enforcement officers because of a risk that Garcia would be present at the apartment when it was searched. We have previously determined that a substantial basis to find probable cause that appellant was a seller of drugs to Garcia did not exist in the record. Neither the McLaughlin affidavit nor his

---

2. Judge Ridge was the judge who issued the search warrant.

brief testimony before the municipal judge presented any other facts or relationship on which to assert that a risk existed that Garcia would be present at appellant's apartment. Accordingly, we conclude that assignment of error No. III is well taken to the extent it claims that the waiver of knock-and-announce requirements for the search of appellant's residence was invalid.

## Exclusionary Rule

{¶ 47} The state contends that even were waiver of the knock-and-announce requirement inappropriate, exclusion of evidence from the search under the Fourth Amendment Exclusionary Rule is not the remedy in this case. We agree.

{¶ 48} The materials submitted by appellant in support of his motion to suppress did not include any evidence of how entry into the apartment was secured to conduct the search. Accordingly, his argument is limited to an argument that the exclusionary rule applies in all circumstances to violations of the knock-and-announce rule. It does not.

{¶ 49} It is settled law that a per se exclusion of evidence from a search is not required when there has been a violation of the knock-and-announce rule. In *Hudson v. Michigan* (2006), 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56, the United States Supreme Court "concluded that even if the police violate the knock-and-announce rule before executing a search warrant, the Fourth Amendment does not necessarily require the suppression of all evidence found in the ensuing search. *Hudson,* 547 U.S. 586, 126 S.Ct. at 2168–2170, 165 L.Ed.2d 56." *State v. Oliver,* 112 Ohio St.3d 447, 2007-Ohio-372, 860 N.E.2d 1002, ¶ 11; see *State v. Kimble,* 11th Dist. No. 2005–T–0086, 2006-Ohio-6863, 2006 WL 3772223, ¶ 65.

{¶ 50} The Eleventh District Court of Appeals in *State v. Kimble* interpreted *Hudson* to reject a per se exclusion of evidence from a search when the knock-and-announce rule is violated: "The knock-and-announce rule fashioned to protect human life, dignity and personal property is not so expansive that in the absence of a proper entry, the seized evidence must always be excluded. *Hudson v. Michigan* (2006)[, 547 U.S. 586], 126 S.Ct. 2159, 2165–2167[, 165 L.Ed.2d 56]." *State v. Kimble* at ¶ 65.

{¶ 51} On this record, therefore, the trial court did not err in failing to exclude evidence from the search of appellant's apartment due to violation of the knock-and-announce rule.

{¶ 52} Furthermore, the Seventh, Fourth, Second, and Twelfth Districts, following *Hudson,* have concluded that the exclusionary rule does not apply to violations of the knock-and-announce rule. *State v. Macke III,* 12th Dist. No. CA2007–08–033, 2008-Ohio-1888, 2008 WL 1776503, ¶ 29–31; *State v. Lam,* 2d

Dist. No. 21787, 2007-Ohio-5664, 2007 WL 3076600, ¶ 8; *State v. Gilbert*, 4th Dist. No. 06CA3055, 2007-Ohio-2717, 2007 WL 1600367, ¶ 39; *State v. Marcum*, 7th Dist. No. 04 CO 66, 2006-Ohio-7068, 2006 WL 3849861, ¶ 15. The issue was presented to the Ohio Supreme Court in *State v. Oliver*, but not decided. Instead, the court remanded the case to the trial court for reconsideration in light of *Hudson*. *State v. Oliver*, 112 Ohio St.3d 447, 2007-Ohio-372, 860 N.E.2d 1002, ¶ 13.

{¶ 53} It is unnecessary for this court to decide whether under *Hudson* the exclusionary rule applies to violations of the knock-and-announce rule. Even were the exclusionary rule to apply as a remedy for violations of the knock-and-announce rule, which we do not decide, it is settled law that the rule does not apply in all instances when the knock-and-announce rule is violated. Appellant's assignment of error No. III is found not well taken to the extent that it seeks exclusion of evidence from the search due to violation of Ohio's knock-and-announce rule.

{¶ 54} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.

Judgment affirmed.

SINGER and SKOW, JJ., concur.