[Cite as *State v. Kiser*, 2015-Ohio-3076.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

        Appellee

v.

Julian L. Kiser

        Appellant

Court of Appeals No. S-14-024

Trial Court No. 13 CR 976

**DECISION AND JUDGMENT**

Decided:  July 31, 2015

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Kristopher K. Hill and Thomas J. DeBacco, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Julian Kiser, appeals the May 14, 2014 judgment of the

Sandusky County Court of Common Pleas which, following the denial of his motion to

suppress and a jury trial convicting him of trafficking in cocaine and possession of cocaine sentenced him to 11 years in prison. Because we conclude that the affidavit in support of the search warrant was insufficient, we reverse.

{¶ 2} The relevant facts are as follows. Appellant was indicted on November 21, 2013, on one count of trafficking in cocaine, R.C. 2925.03(A)(1), (C)(4)(g), a first degree felony, and possession of cocaine, R.C. 2925.11(A)(C)(4)(f), a first degree felony. Appellant entered not guilty pleas to the charges.

{¶ 3} On January 24, 2014, appellant filed a motion to suppress evidence obtained following the October 11, 2013 search of his residence pursuant to a warrant. In his motion, appellant argued that the search was illegal because the warrant was issued pursuant to a constitutionally defective affidavit. Specifically, appellant argued that the affiant police officer failed to provide the basis for the confidential informant's (CI) reliability for the search or specific instances where the CI was reliable in aiding other police investigations. Further, appellant argued that the CI stated that he had made arrangements to purchase cocaine from appellant at 721 Birchard Avenue; but the affidavit lists 719 Birchard Avenue.

{¶ 4} In response, the state argued that looking at the totality of the circumstances set forth in the affidavit and the magistrate's role of making a practical, "common-sense decision" the search warrant was supported by probable cause. Specifically, the CI's reliability was shown by the officer's statement that the CI had on several prior occasions provided information and services to the sheriff's office which the officer was able to

2.

verify as true. Further, as to the CI's basis of knowledge, the fact that he had been to appellant's home in the preceding 24 hours and had personally observed the contraband. The parties agreed to have the motion resolved on the briefing and supporting evidentiary materials.

{¶ 5} On April 11, 2014, the trial court denied appellant's motion to suppress. The court concluded that the discrepancy in the address was not a viable issue because the structure, a triplex, had only the 721 number facing the street; the 719 unit was behind and not visible from the street. The court further noted that the affiant stated that he obtained appellant's address from the OHLEG and was personally aware of the residence.

{¶ 6} As to the reliability of the CI, the court found that based upon the officer's 24 years in law enforcement and the fact the officer was able to verify that the CI had provided reliable information in the past and had recently observed the cocaine, the officer had a good basis for relying on the information.

{¶ 7} Following the denial of the motion, the matter proceeded to a jury trial where appellant was convicted on both counts. Appellant was sentenced to 11 years of imprisonment and this appeal followed:

{¶ 8} Appellant raises the following assignment of error for our review:

I. The trial court erred in denying appellant's motion to suppress, as the evidence and objects seized after the illegal search were violations of the appellant's rights under Fourth and Fourteenth Amendments to the

3.

United States Constitution and Article I, Section 14 of the Ohio Constitution. Specifically, the search warrant affidavit did not contain the requisite reliability of the CI, nor did sufficient probable cause exist for issuance of the warrant.

{¶ 9} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress. Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 29, ¶ 8. The Ohio Supreme Court has identified the standard of review:

[A]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539. *Id.*

{¶ 10} The totality of the circumstances test established by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), applies to determine whether probable cause exists for issuance of a search warrant. *State v. George,* 45 Ohio St.3d 325, 328-330, 544 N.E.2d 640 (1989). The standard provides:

4.

**{¶ 11}** In determining the sufficiency of an affidavit submitted in support of a search warrant,

> "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* [1983], 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 followed.) *George* at paragraph one of the syllabus.

**{¶ 12}** In the present case, the officer's affidavit provides:

> a. Within the last 72 hours, the Affiant met and spoke with a Confidential Informant commonly known as a CI. The CI has in the past, and on several occasions, provided both information and services to the Sheriff's Office, which the Affiant has been able to verify as true. The CI has demonstrated the ability to contact persons within Sandusky County, Ohio and obtain illegal controlled substances.

> b. The CI states that he/she has been in contact with a subject known to the CI as 21 year old Cole T. Parker (DOB [****])  Parker had made arrangements with Kiser for the CI to purchase large amounts of cocaine from Kiser at Kiser's residence known as 719 Birchard Ave.,

5.

Fremont, Ohio. Within these hours, the CI personally made contact with Kiser at Kiser's residence. In the presence of the CI, Kiser showed the CI what the CI describes as large amounts of cocaine.

{¶ 13} Appellant argues that the affidavit was insufficient to establish probable cause to issue a search warrant. In support, appellant relies on a case from this court where we determined that information supplied by confidential informants who had previously provided "reliable" information combined with police verification of appellant's name and address and past criminal activity, was insufficient to form the basis for the warrant. *State v. Williams*, 6th Dist. Lucas Nos. L-06-1195, L-06-1197, 2007-Ohio-4472. Specifically, we found that the affidavit failed to provide for the veracity of the informants or the basis of their knowledge and failed to demonstrate that the officer confirmed drug activity. *Id.* at ¶ 27.

{¶ 14} In contrast, the state avers that *Williams* provides support for their argument by citing *State v. Bailey*, 12th Dist. Butler No. CA2002-03-057, 2003-Ohio-5280. In *Bailey*, information regarding the appellant's drug trafficking was provided by two confidential informants "whom the police knew to be reliable from past experiences." *Id.* at ¶ 3. The court concluded that an even greater "indicia of reliability" was provided where police were able to verify the information by having an informant make a drug purchase with marked money and under police surveillance. *Id.* at ¶ 13. Thus, the totality of the circumstances supported probable cause to issue the warrant. *Id.*

at ¶ 14. *See State v. Dominique*, 6th Dist. Lucas No. L-00-1125, 2001 WL 60615 (Jan. 26, 2001) (police able to corroborate through surveillance confidential informant's information regarding drug deliveries.).

{¶ 15} The state also relies on a case where, as in the present facts, the informant observed a large amount of cocaine within the 24 hours preceding the request for a search warrant. *State v. Taylor*, 82 Ohio App.3d 434, 612 N.E.2d 728 (2d Dist.1992). In *Taylor*, the affidavit in support further stated that the confidential informant provided information to the officer in the past which led to "at least two arrest for serious felony offenses." *Id.* at 439. The officer stated that he had personal knowledge of at least two additional cases where the informant provided information that led to felony arrests. *Id.*

{¶ 16} In our decision in *Williams*, *supra*, we noted that a confidential informant has been shown to be reliable where sufficient detail beyond a blanket statement that the individual has been "'proven reliable through independent investigation'" was presented. *Id.* at ¶ 20. We favorably cited a case from this court a case where the informant had worked with police for many years and his information had proved accurate and resulted in search warrants, arrests, and convictions. *Id.* at ¶ 21, citing *State v. Dukes*, 6th Dist. Sandusky No. S-00-031, 2001 WL 227057 (Mar. 9, 2001).

{¶ 17} In the present case, denying appellant's motion to suppress the trial court relied on the officer's 24 years of experience, the fact that the officer was able to verify that the CI's past information provided to the sheriff's office was true, and the fact that the CI stated that he personally observed appellant with large quantities of cocaine within

7.

the past 72 hours.  The court then noted that the "totality of the circumstances" convinced it that the officer "had a good basis for believing the information he was receiving from the CI was true and accurate, and that probable cause did exist for the issuance of the warrant being contested."

{¶ 18} This court is mindful that it is not to conduct a de novo review of the affidavit to determine whether it contains sufficient probable case. *State v. Riley*, 6th Dist. Lucas No. L-07-1379, 2009-Ohio-3493, ¶ 30, citing *George*, 45 Ohio St.3d at 330, 544 N.E.2d 640.  "Rather, the reviewing court is limited to determining whether the affidavit provided the issuing judicial officer with a 'substantial basis for concluding that probable cause existed.'"  *Id.,* quoting *George* at 329.

{¶ 19} Reviewing the relevant law and the affidavit in this case, we must conclude that the totality of the circumstances fails to support the probable cause basis for the issuance of the search warrant.  The CI's reliability was neither established nor was it independently corroborated by police investigation.  We must next determine whether the "good-faith exception" applies to resurrect the validity of the search.

{¶ 20} The United States Supreme Court adopted the good-faith exception to the exclusionary rule in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).  The Ohio Supreme Court explained and applied the rule in *State v. Wilmoth*, 22 Ohio St.3d 251, 490 N.E.2d 1236 (1986):

> 1.  The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith

8.

reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid (*United States v. Leon* [1984], 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, followed).

2. Where the officer's conduct in the course of a search and seizure is objectively reasonable and executed in good faith, excluding the evidence because the search warrant is found to be constitutionally invalid will not further the ends of the exclusionary rule in any appreciable way. *Id.* at paragraphs one and two of the syllabus.

{¶ 21} In a case where this court found the search warrant invalid, we determined that the good-faith exception applied where, prior to executing the warrant, the officers conducted surveillance of the appellant's residence on the date of the expected drug delivery. *State v. Nunez*, 180 Ohio App.3d 189, 2008-Ohio-6806, 904 N.E.2d 924 (6th Dist.). The observed activity could have reasonably been viewed as suspicious. *Id.* at ¶ 31. We found that "[g]iven the results of surveillance, there was an objectively reasonable basis for the sheriff's department to conclude that probable cause existed for the search, despite the fact that the warrant was subsequently determined to be invalid." *Id.* at ¶ 33.

{¶ 22} In the present case, there is nothing in the record evidencing any attempts at corroboration prior to the execution of the warrant. No other independent, objective basis for reliance on the warrant was demonstrated. Accordingly, we find that the exception does not apply. Appellant's assignment of error is well-taken.

9.

**{¶ 23}** On consideration whereof, we find that appellant was prejudiced or prevented from having a fair proceeding and the judgment of the Sandusky County Court of Common Pleas is reversed and the matter is remanded for proceedings consistent with this decision. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                                                 JUDGE

Arlene Singer, J.                  

                                       _____
James D. Jensen, J.                                                JUDGE
CONCUR.

                                       _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.