The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams*, 173 Ohio App.3d 119, 2007-Ohio-4472.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

Nos. L–06–1195 and L–06–1197.

Decided Aug. 31, 2007.

120

122

Julia R. Bates, Lucas County Prosecuting Attorney, and Jeremy J. Santoro, Assistant Prosecuting Attorney, for appellee.

Jerome Phillips, for appellant.

---

SINGER, Judge.

{¶ 1} Appellant, Duane Williams, appeals his convictions for cocaine possession in the Lucas County Court of Common Pleas. Appellant appealed from these judgments separately, filing separate briefs for each. We consolidated the cases on appeal. We reverse on the first case and affirm on the second.

### Case No. CR 05–03048

{¶ 2} On July 12, 2005, police executed a search warrant upon the Toledo home of appellant, seizing close to a kilogram of powder cocaine and over 70 grams of

crack cocaine. The magistrate who issued the warrant did so based on an affidavit submitted by a police officer, defining the exact place, persons, and property to be searched. In the affidavit, the officer stated that the residence had been searched two years prior, at which time police had seized massive quantities of cocaine, and listed four confidential informants who reported drug activity occurring at appellant's home. According to the informants, appellant possessed a large amount of cocaine at his residence, and his cocaine was pure and not "cut." The informant's information identified appellant and appellant's residence and indicated that appellant is married to a teacher and drives a green SUV with chrome rims.

## Case No. CR 05–03065

{¶ 3} In a separate incident, a week after the raid on appellant's home, appellant was arrested for possession of nearly 14 grams of powder cocaine. At a subsequent suppression hearing, police officers testified that at approximately 8:50 p.m. on July 18, 2005, a veteran reliable confidential informant tipped them that appellant would be selling drugs from his car in a Toledo parking lot.

{¶ 4} Police staked out the parking lot. At 9:40 p.m., police found appellant in his car at the location that had been provided. They asked appellant to exit the vehicle and conducted a "pat-down" search of his person. Immediately after appellant exited the vehicle, one of the officers noticed that the open car door's interior panel was missing a control bracket. The officer observed a clear plastic bag, "protruding from the crack of the opening of the door panel." The bag contained a white powdery substance later confirmed to be cocaine.

{¶ 5} Police arrested appellant for drug possession. After being read his Miranda rights, appellant made a statement, saying that he was selling cocaine to pay his attorney. According to the police, two to three minutes elapsed from the time the officers approached appellant's vehicle to the time the cocaine was found.

{¶ 6} Following the search of his residence, appellant was indicted for possession of cocaine, a first-degree felony, possession of crack cocaine, a first-degree felony, and two counts of trafficking in cocaine, also first-degree felonies. Pursuant to the search of his vehicle, appellant was indicted for possession of cocaine, a fourth-degree felony. Appellant pleaded not guilty to all charges and moved to suppress the evidence obtained in both searches.

{¶ 7} When the trial court denied appellant's suppression motion, he amended his plea to no contest and was found guilty on all three possession counts. The trafficking charges were dismissed, nolle prosequi. The court then sentenced appellant to two concurrent three-year terms of imprisonment for the first-degree felonies and a concurrent one-year term of imprisonment for the fourth-degree felony.

{¶ 8} With respect to appellant's conviction resulting from the search of his home (case No. CR 05–03048), appellant sets forth the following assignment of error:

{¶ 9} "The trial court erred in denying the appellant's motion to suppress all evidence seized as a result of a July 12, 2005 search of the residence at 3344 Hiett, which search was authorized by a warrant that was not based on probable cause."

{¶ 10} Concerning appellant's conviction for possession of the drugs found in his car (case No. CR 05–03065), appellant sets forth the following assignment of error:

{¶ 11} "The trial court erred in denying the appellant's motion to suppress all evidence seized as a result of a police search of his car on July 18, 2005."

## Case No. CR 05–03048

{¶ 12} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit the government from executing unreasonable searches and seizures. Subject to a few exceptions, searches are per se unreasonable unless premised on a warrant issued upon probable cause. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854. Evidence obtained through an unreasonable search is inadmissible. *Mapp v. Ohio* (1961), 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081. Probable cause exists for the issuance of a search warrant when there is a fair probability that contraband will be found in a particular place. *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, 804 N.E.2d 1, ¶ 37.

{¶ 13} In reviewing a lower court's conclusion of probable cause, the duty of the appellate court is to ensure that the issuer of the warrant had a "substantial basis" to determine that probable cause existed. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *Illinois v. Gates* (1983), 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527, quoting *Jones v. United States* (1960), 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697. Similarly, "reviewing courts may not substitute their own judgment for that of the issuing magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant." *State v. George* (1989), 45 Ohio St.3d 325, 330, 544 N.E.2d 640. Even when a magistrate's determination of

probable cause may be doubtful or marginal, the appellate courts should still give it "great deference." Id.

{¶ 14} In reviewing the affidavit, we apply the totality of circumstances test as set forth in *Illinois v. Gates.*

{¶ 15} The officer's affidavit sets out information supplied by informants. Other than drug activity, the information is the identification of the appellant and his residence address. Both of these facts were verified by observation of the officer. Further, the informants' information regarding a vehicle driven by appellant was likewise confirmed by observation of the officer. These two facts do not provide a verification of drug activity.

{¶ 16} Appellant's previous brush with the law, two years previously, involved drug activity. Evidence was seized at the same location. This is not verification that current drug activity was afoot.

{¶ 17} The officer stated in his affidavit that his investigation confirmed drug activity by appellant and that the sources have been proven reliable. The affidavit contained no statements providing indicia of either the veracity of the informants or the basis of their knowledge. We have no idea how the officer confirmed the drug activity or why the sources have been proven reliable. "Filtering the hearsay statement of an informant through a law enforcement agency establishes neither the truth of the statement nor the reliability of the informant." *State v. Dalpiaz,* 151 Ohio App.3d 257, 270, 2002-Ohio-7346, 783 N.E.2d 976, at ¶ 43. The officer's conclusions, not the required indicia of veracity or reliability, were presented to the magistrate.

{¶ 18} Ohio courts have found probable cause to issue a search warrant under a variety of circumstances, but only when they have found the presence of some indicia of veracity of the informant or the reliability of the information material to the probability of evidence of crime. See, e.g., *State v. McIntosh,* 10th Dist. No. 04AP–296, 2005-Ohio-1152, 2005 WL 615645 (confidential informant purchased cocaine); *State v. Raines,* 4th Dist. No. 03CA2739, 2004-Ohio-1915, 2004 WL 817126 (confidential informant made prior drug purchases from appellant; additionally, officer had some personal knowledge); *State v. Bailey,* 12th Dist. No. CA2002–03–057, 2003-Ohio-5280, 2003 WL 22283440 (informants had worked with the police in the past and were known by the police to be reliable).

{¶ 19} In *State v. Nicholson* (May 25, 2001), 6th Dist. No. E–99–083, 2001 WL 575050, we found that the magistrate had a substantial basis for determining that there was sufficient probable cause to justify issuance of the search warrant. A confidential informant told the affiant that he had been at two "stash houses" with appellant, who had shown him drugs and money from appellant's drug activity. The detective also attested that the informant had proven to be

"extremely reliable" over the past two years and had provided information that led to the successful execution of 15 to 20 search warrants. Additional details were also given providing indicia of reliability of the informant.

{¶ 20} While the amount of detail contained in *Nicholson* is not always necessary for a valid search warrant, it is preferable to the blanket claim here that the sources have been "proven reliable through independent investigation."

{¶ 21} In *State v. Dukes* (Mar. 9, 2001), 6th Dist. No. S–00–031, 2001 WL 227057, we held that an affidavit contained sufficient evidence for probable cause. Officers averred that they had worked with the informant for a number of years and that his information had proved accurate and had resulted in search warrants, arrests, and convictions.

{¶ 22} In *State v. McKenzie* (Sept. 18, 1998), 6th Dist. No. E–97–040, 1998 WL 636784, we held that the affidavit adequately supported a search warrant when the reliability and basis of knowledge of one of the confidential informants were not established by the affidavit, but that informant's information was supported by another informant who had proven reliable.

{¶ 23} In the present matter, the trial court utilized this "totality of the circumstances" test to determine whether there was probable cause. It detailed the many deficiencies of the warrant, finding that the affidavit contained evidence of probable cause "at best marginal" and "at least, even doubtful." However, even under such circumstances, it denied appellant's motion to suppress, citing *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

{¶ 24} We hold, however, that the affidavit is so deficient that the magistrate did not have a substantial basis for finding probable cause.

{¶ 25} Appellee urges us to consider the "good-faith exception." Other Ohio courts have applied the exception to the exclusionary rule when the affidavit for a search warrant was deficient. "The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." *State v. Gales* (2001), 143 Ohio App.3d 55, 62, 757 N.E.2d 390, quoting *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph three of the syllabus.

{¶ 26} The good-faith exception, however, is not a license to give an otherwise insufficient warrant validity. The good-faith test does not apply if "'the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * *'; (2) 'the issuing magistrate wholly abandoned his

judicial role * * * ';  (3) 'an officer purports to rely upon * * * 'a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" ';  or (4) 'depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.' " *State v. George,* 45 Ohio St.3d at 331, 544 N.E.2d 640, quoting *United States v. Leon* (1984), 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677, quoting *Brown v. Illinois* (1975), 422 U.S. 590, 610–611, 95 S.Ct. 2254, 45 L.Ed.2d 416.

{¶ 27} In applying the good-faith test, however, we presume that the officer is reasonably well trained and, therefore, has the requisite minimum level of knowledge that a well-trained officer would have.  The reviewing court must confine its good-faith inquiry to the four corners of the affidavit, and the court presumes that the officer who claims good-faith reliance has a certain minimum level of knowledge of what the law requires.  *State v. Klosterman* (1996), 114 Ohio App.3d 327, 333, 683 N.E.2d 100.  The test for the good-faith exception is " 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.' "  *State v. Jones* (1991), 72 Ohio App.3d 522, 528, 595 N.E.2d 485, quoting *United States v. Leon,* 468 U.S. at 922, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677.  We hold that the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *Brown v. Illinois,* 422 U.S. at 610–611, 95 S.Ct. 2254, 45 L.Ed.2d 416.  The affiant himself states that he has been a police officer for more than 19 years and a narcotics investigator for more than ten years, has received extensive training, and has extensive experience.  There is no question that this officer is more than reasonably well trained and certainly has more than the minimum level of knowledge.  He would have known, and should have known, that this affidavit was not sufficient.  Therefore, the "good-faith" test does not apply.

{¶ 28} We therefore hold that appellant's assignment of error as to case No. CR 05–3048 is well taken.

{¶ 29} In his assignment of error concerning his conviction on the drugs found in his car, case No. CR 05–3065, appellant asserts that the trial court erred in denying his motion to suppress on grounds that the search of his vehicle went beyond the scope of a investigatory stop.

{¶ 30} In *Terry v. Ohio* (1968), 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held that an officer, with reasonable suspicion of unlawful activity, may briefly detain a suspect for investigation.  An officer has reasonable suspicion when he "is able to identify specific facts that when taken together with rational inferences from those facts,

would warrant a person of reasonable caution in the belief that the appropriate action is being taken." *State v. Hackett,* 171 Ohio App.3d 235, 2007-Ohio-1868, 870 N.E.2d 235, ¶ 11. Police may detain the occupant of a vehicle when there is at least reasonable suspicion that the occupants are in violation of the law. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660. To determine the reasonableness of such a detention, the evidence must be viewed in light of the totality of the surrounding circumstances. *United States v. Cortez* (1981), 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621; *State v. Freeman* (1980) 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044.

{¶ 31} In the present case, the officers possessed sufficient reasonable suspicion to investigate appellant and his vehicle. The informant, who had been working with police for 12 years, told police that appellant would be dealing drugs and provided appellant's specific location, the time appellant could be found, and the type of vehicle he was driving. One of the officers had searched appellant in the past and had recovered large amounts of cocaine. Considering these circumstances, the police possessed sufficient reasonable suspicion to detain appellant for investigation.

{¶ 32} Once appellant was detained, police could properly conduct a protective search of his person and the interior of his vehicle. *Michigan v. Long* (1983), 463 U.S. 1032, 1048–1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201. This search would certainly include the driver's side interior door panel of an open door.

{¶ 33} When an "incriminating object" comes into plain view in a place that an officer is legally entitled to be, police may seize it without a warrant. *State v. Davis,* 8th Dist. No. 87964, 2007-Ohio-408, 2007 WL 274380, ¶ 36.

{¶ 34} Here, the confidential informant advised the officers that appellant would be dealing cocaine, a substance the officer who discovered the drugs testified was often contained in plastic bags. The officer noticed the bag containing cocaine in plain view, protruding from a place where it should not have been. The inappropriate context of the baggie warranted further examination and the appropriate seizure of the cocaine. See *State v. Owensby* (Aug. 20, 1999), 2d Dist. No. 17329, 1999 WL 957705. Accordingly, appellant's assignment of error concerning the vehicle search is not well taken.

{¶ 35} The judgment of the Lucas County Court of Common Pleas is reversed in part and affirmed in part. The matter is remanded to that court for further proceedings consistent with this decision. Each party is ordered to pay one-half the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense

incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed in part
and affirmed in part,
and cause remanded.

PIETRYKOWSKI, P.J., and HANDWORK, J., concur.