{¶ 39} I respectfully dissent from the majority's opinion because the affidavit submitted in support of the search warrant for Akers' residence failed to provide the judge who issued the warrant with probable cause to do so, and the good-faith exception to the exclusionary rule set forth in Leon does not apply under the facts of this case. *Page 10 
 {¶ 40} As the majority acknowledges, the affidavit contains no information regarding the confidential source's reliability, e.g., whether the source has proven reliable on past occasions. The affidavit also fails to state the confidential source's "basis of knowledge" of the information the source provided to the police.
 {¶ 41} The affidavit states that the police "received information from a confidential source" that Akers and his wife were selling drugs out of their residence. However, at the suppression hearing, Detective Craig Bucheit testified that the police received "an anonymous complaint" or "an anonymous call" about "drug activity at 1101 Noyes [Avenue]," which led to the trash pull. After learning that marijuana residue and a piece of junk mail addressed to 1101 Noyes Avenue had been found as a result of the trash pull, Detective Bucheit told Detective Joseph Gabbard, who wrote the affidavit:
 {¶ 42} "[T]hat's a good complaint. I know of a confidential source, an informant and other information that they are selling drugs at that location."
 {¶ 43} However, Detective Bucheit acknowledged that the information he had learned from the "confidential source" and the "informant" may have been over three months old. This fact was omitted from the affidavit submitted by police in support of their request for a search warrant.
 {¶ 44} The affidavit is also misleading in that it says, "Officers also discovered mail in the trash addressed to resident at 1101 Noyes Avenue[,]" when in fact it was addressed to "occupant." Stating that the piece of mail found in the trash was "addressed to resident" implies that the piece of mail was actually addressed to "Clifford Akers" and not merely to "occupant." There is also no indication in the affidavit that the police in any way confirmed that Akers lived at 1101 Noyes Avenue.
 {¶ 45} Furthermore, the amount of marijuana residue found in a sandwich bag in one of the trash bags pulled from Akers' residence did not provide probable cause to justify *Page 11 
issuance of the search warrant. The amount of marijuana found was no more than a user amount that constituted a minor misdemeanor, R.C. 2925.11(C)(3)(a), which is generally not an offense for which one can be arrested. See State v. Brown, 99 Ohio St.3d 323, 325-326,2003-Ohio-3931.
 {¶ 46} I also disagree with the majority's finding that the good-faith exception to the exclusionary rule set forth in Leon applies to this case. As one court has stated, "The good-faith exception * * * is not a license to give an otherwise insufficient warrant validity." State v.Williams, 173 Ohio App.3d 119, 127, 2007-Ohio-4472, ¶ 26.
 {¶ 47} In this case, the detectives' suppression hearing testimony discussed above shows that the judge who issued the warrant was not told that the information received from the confidential source was three months old, that an anonymous tip led to the trash pull, and that the piece of mail found in Akers' trash was addressed to "occupant" not "resident." Additionally, the search warrant the detectives purportedly relied upon was so lacking in indicia of probable cause that it rendered official belief in its existence entirely unreasonable. Leon,468 U.S. at 923.
 {¶ 48} A review of the affidavit demonstrates that the only possible basis for the issuance of the warrant was the marijuana residue. There is nothing in the affidavit to indicate that the information the detectives received from their confidential source was reliable, and there is absolutely no independent basis to determine that the Akers resided at 1101 Noyes Avenue. The police did not perform any record search nor did they make an attempt to visually verify that the Akers were at that address. I do not believe the Fourth Amendment's proscription against unreasonable searches and seizures permits a search of a residence based upon finding marijuana residue in the trash without other supporting evidence to establish probable cause.
 {¶ 49} While I recognize that this is a very serious offense, as the Ohio Supreme Court *Page 12 
said in reversing a death penalty verdict in State v. Yarbrough,104 Ohio St.3d 1, 2004-Ohio-6087:
 {¶ 50} "Despite the time that has passed since the homicides were committed in Pennsylvania, despite the overwhelming evidence that the defendant participated in the murders, and despite the anguish suffered by the family and friends of the victims, it is our responsibility as members of this court to preserve the integrity of the criminal-justice system in Ohio." Id. at ¶ 5.
 {¶ 51} I therefore feel compelled to dissent and would reverse the trial court's denial of the motion to suppress. *Page 1