[Cite as *State v. Connin*, 2020-Ohio-6867.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                     Court of Appeals No. F-20-005

    Appellee                                  Trial Court No. 19CR000104

v.

David A. Connin                              **DECISION AND JUDGMENT**

    Appellant                                 Decided:  December 23, 2020

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney,
for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, David Connin, appeals the May 14, 2020 judgment of the Fulton County Court of Common Pleas which, following the denial of appellant's motion to suppress evidence seized pursuant to a search warrant and subsequent no contest plea, sentenced him to eight months of incarceration for possession of cocaine.

{¶ 2} On April 15, 2019, a search warrant was issued; it was executed on April 18, 2019, at appellant's residence in Delta, Fulton County, Ohio. Police recovered several items relating to the use and distribution of illegal substances including a green "vegetative" substance in a plastic baggie, marijuana pipes, a mirror with residue, a tar substance in the freezer, multiple Ziploc plastic baggies, a bill counting machine, a digital scale, over $300 in cash, and multiple cell phones. Following the search, appellant was indicted on six drug-related offenses: four, fifth-degree felonies and two, fourth-degree misdemeanors. Appellant entered a not guilty plea to the charges.

{¶ 3} On January 31, 2020, appellant filed a motion to suppress all the evidence seized during the search arguing that the probable cause affidavit relied upon by the court in issuing the search warrant was deficient. The parties agreed that the motion would be determined on the four corners of the search warrant.

{¶ 4} On March 12, 2020, the trial court denied the motion to suppress. The court concluded that the affiant, Detective Brown, provided sufficient information, from a "variety of sources," that contraband would be located at appellant's residence. Alternatively, the court noted that the executing office's reliance on the sufficiency of the warrant was objectively reasonable.

{¶ 5} Thereafter, appellant entered a no contest plea to Count 3, possession of cocaine, and the remaining charges were dismissed. Appellant was sentenced to eight months of imprisonment and ordered to pay the costs of prosecution and court-appointed

2.

counsel. This appeal followed with appellant raising two assignments of error for our consideration:

Assignment of Error One: The trial court erred in denying appellant's motion to suppress the fruits of a home search warrant where the affidavit failed to establish probable cause, in violation of the Fourth Amendment to the U.S. Constitution and Section 14, Article I of the Ohio Constitution.

Assignment of Error Two: The imposition of costs is contrary to law.

{¶ 6} Appellant's first assignment of error challenges the trial court's denial of his motion to suppress. Review of a trial court's denial of a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). An appellate court defers to a trial court's factual findings made with respect to its ruling on a motion to suppress where the findings are supported by competent, credible evidence. *Id.*; *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). "[T]he appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the

3.

applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

{¶ 7} Appellant argues that the probable cause affidavit's first three alleged instances involving drug trafficking were too remote in time, January and February 2019, and undated, to support probable cause. As to the fourth instance, appellant contends that it lacks the reliability necessary to support probable cause. Conversely, the state argues that looking at the instances as a whole demonstrates the existence of probable cause.

{¶ 8} The April 15, 2019 probable cause affidavit was authored by Archbold Police Detective Jerry Brown and provides, in relevant part:

> This officer was told by Chief Hartstock of the Delta Police Department that David Connin is possibly selling Marijuana out of his residence. The Delta Police Department received a complaint from a neighbor about a lot of traffic visiting the residence for minutes at a time. It's this officer's experience this can be an indicator of drug trafficking.

{¶ 9} The affiant then indicated that he reviewed two reports from the Delta Police Department

> [t]he first being a traffic stop on January 25, 2019. The traffic stop involved an individual that this Officer has prior knowledge of being tied to drug trafficking in the past. During the traffic stop the individual was discovered to be in possession of Marijuana. The report stated that the suspect told the officer that the Marijuana was a gift from David Connin.

4.

The report also states that the officer observed the suspect vehicle leaving Connin's residence at 108 Jefferson St.

I read a second report by the Delta Police Department involving another traffic stop on February 9, 2019. According to the report David Connin was the passenger in a vehicle that was stopped by Delta Police Department. Marijuana was found inside the vehicle. Mr. Connin was taken to CCNO on an unrelated warrant.

{¶ 10} The final instance supporting the search warrant provided:

On April 12, 2019 I was called to the Delta Police Department. Officer Moreno from the Delta Police Department stopped a vehicle. The driver was found to be in possession of suspected Marijuana and Cocaine. The driver identified as Chad M[.] agreed to speak with me. I read Chad his Miranda Rights. Chad verbally stated that he understood them. I asked him some basic questions about his work and living arrangement. I then asked him where he went after work and he advised that he went to David Connin's. He stated that he was at Connin's for approximately 15 minutes. I then asked if that is where he got the Cocaine and he advised that he did. Chad advised that he typically stops once a week and buy[s] Cocaine for the week and occasionally buys what he referred to as Carts. He elaborated that Carts means Marijuana Vape Pen cartridges. Chad advised that he can typically buy either of the drugs from David any day of the week.

{¶ 11} Appellant discounts the neighbor's complaint and the January and February 2019 instances as being too vague and remote in time. As to the April 12, 2019 instance, appellant asserts that the affidavit fails to attest to the arrestee, Chad's reliability or the reliability of the information. Appellant further asserts that the good faith exception does not apply given the facts of the case.

{¶ 12} The state counters that taking the information as a whole, including the identified informant whose information regarding appellant's criminal activity was based upon his own participation in the activity, established probable cause. Alternatively, if probable cause was lacking, the state argues for the application of the good faith exception in that the officer executing the search warrant acted reasonably.

{¶ 13} Central to the constitutional prohibition of unreasonable searches and seizures is the requirement that search warrants issue based upon probable cause. *State v. Long*, 2020-Ohio-4090, 157 N.E.3d 362, ¶ 20 (6th Dist.). To determine whether a sufficient basis exists to find probable cause for the issuance of a search warrant requires consideration of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

> Under the totality-of-the-circumstances test, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence

6.

of a crime will be found in a particular place.  And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed."  *Jones v. United States*, 362 U.S. at 271[, 80 S.Ct. 725, 4 L.Ed.2d 697].* * *"

*State v. George*, 45 Ohio St.3d 325, 329, 544 N.E.2d 640 (1989), quoting *Gates* at 238-239.

{¶ 14} When a search warrant is issued, the determination by the issuing judge or magistrate that there was probable cause for the search is not subject to de novo review by appellate courts.  *George* at paragraph two of the syllabus, *following Gates* at 236. "Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed."  *Id.*  "Even when a magistrate's determination of probable cause may be doubtful or marginal, the appellate courts should still give it 'great deference.' [*State v. George* at 330, 544 N.E.2d 640.]" *State v. Williams*, 173 Ohio App.3d 119, 2007-Ohio-4472, 877 N.E.2d 717, ¶ 13 (6th Dist.).

{¶ 15} Even under the totality-of-the-circumstances standard, an affidavit in support of a search warrant must contain "the presence of some indicia of veracity of the informant or the reliability of the information material to the probability of evidence of crime." *Williams* at ¶ 18.  In *Williams*, relied upon by appellant, the probable cause affidavit provided that the defendant's residence had been searched two years prior and police had seized "massive" quantities of cocaine.  *Id.* at ¶ 2.  It listed four confidential

7.

informants who stated that appellant had a large amount of pure cocaine at his residence (which was identified) and that appellant is married to a teacher and drives a green SUV with chrome rims. *Id.*

{¶ 16} Finding that the affidavit failed to establish probable cause we concluded that the information regarding appellant's residence and vehicle did not provide verification of drug activity. *Id.* at ¶ 15. Likewise, we found that appellant's drug activity from two years prior did not establish current drug activity. *Id.* at ¶ 16. As to the information provided by the confidential informants, we stated: "The affidavit contained no statements providing indicia of either the veracity of the informants or the basis of their knowledge. We have no idea how the officer confirmed the drug activity or why the sources have been proven reliable." *Id.* at ¶ 17.

{¶ 17} In the present case, unlike *Williams*, the informant in the April 2019 instance was identified in the affidavit. The informant's basis of knowledge that appellant was presently involved in drug activity was his statement that he had just purchased the drugs, found on his person, from him. Appellant contends that a statement from a "freshly caught" arrestee, without more, does not demonstrate the veracity of the informant or the reliability of the information.

{¶ 18} This court had reviewed the three common classifications of informants: a citizen informant, who has witnessed criminal activity and is presumed credible; a known informant, who is generally part of the "criminal milieu" and the affiant must attest to the informant's veracity, reliability, or basis of knowledge or must independently

8.

corroborate the information; and an anonymous informant, generally considered unreliable and requires independent police corroboration. *Long*, 2020-Ohio-4090, 157 N.E.3d 362, at ¶ 24-27.

{¶ 19} Less common is the identified or first-time informant who implicates another while admitting his own criminal activity. The admission of the criminal activity acts to bolster the informant's credibility as a statement against penal interest. *See State v. Mendoza*, 2019-Ohio-3382, 142 N.E.3d 148 (10th Dist.); *State v. Oloff*, 2d Dist. Greene No. 2012-CA-34, 2012-Ohio-6048, ¶ 20.

{¶ 20} The fact that Chad was an identified informant and that his statements acted as an admission of his own criminal activity bolstered his credibility. This when viewed collectively with the other three instances of drug activity set forth in the affidavit, provides a sufficient basis to support the issuance of a search warrant.

{¶ 21} Even if we were to assume that the affidavit was deficient, such a finding does not necessitate the exclusion of the evidence seized. Under the good-faith exception, evidence seized during a search conducted pursuant to a warrant that is unsupported by probable cause will not be excluded if the executing officers acted reasonably in relying on the warrant. *State v. Wilmoth*, 22 Ohio St.3d 251, 490 N.E.2d 1236 (1986), paragraphs one and two of the syllabus, *following United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The *Leon* court explained, however, that suppression would still be appropriate in circumstances when (1) the supporting affidavit contained

9.

information the affiant knew to be false or would have known to be false but for reckless disregard of the truth, (2) the issuing magistrate wholly abandoned his judicial role, (3) the warrant was based on an affidavit "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,'" or (4) the warrant is so facially deficient in terms of particularity that the executing officers could not reasonably presume it to be valid. *Leon* at 923, 104 S.Ct. 3405, quoting *Brown v. Illinois*, 422 U.S. 590, 610-611, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (Powell, J., concurring in part); *State v. George*, 45 Ohio St.3d 325, 331, 544 N.E.2d 640 (1989).

*State v. Dibble*, 159 Ohio St.3d 322, 2020-Ohio-546, 150 N.E.3d 912, ¶ 9.

{¶ 22} Appellant, again relying on *Williams*, argues that the good-faith exception does not apply because there was no corroborative evidence demonstrating drug activity and no factual basis for the claimed reliability of the informants. Unlike *Williams*, in this case the informant was named in the affidavit and had implicated himself in the illegal activity at issue. Other instances of drug activity involving appellant were also listed. Further, as set forth above, the *Williams* affidavit failed to explain the basis of knowledge of the confidential informants and the only confirmed drug activity at the defendant's home was dated two years prior. *Williams*, 173 Ohio App.3d 119, 2007-Ohio-4472, 877 N.E.2d 717, at ¶ 16-17.

{¶ 23} Reading the affidavit as a whole, just as the judge found sufficient probable cause for the issuance of the search warrant, the executing officer reasonably relied on the warrant in searching appellant's home. Further, in the affidavit there was no evidence of a false statement and the items to be seized were set forth with sufficient detail. *Dibble*, 159 Ohio St.3d 322, 2020-Ohio-546, 150 N.E.3d 912, at ¶ 9. Appellant's first assignment of error is not well-taken.

{¶ 24} Appellant's second assignment of error challenges the imposition of court-appointed counsel costs without a finding of appellant's ability to pay. On appeal we review whether the imposition of costs was contrary to law. *State v. Tucker*, 6th Dist. Wood No. WD-16-063, 2018-Ohio-1869, ¶ 36.

{¶ 25} At the May 8, 2020 sentencing hearing the court stated: "The Defendant is advised that he has a right – well, he is not going to be required to pay any costs in this matter – well, he will be required to pay costs." The sentencing judgment entry provided: "Defendant is ordered to pay all prosecution costs and court-appointed counsel costs."

{¶ 26} This court has repeatedly held that where a court imposes the discretionary costs of supervision, confinement, or assigned counsel, "it must affirmatively find that the defendant has, or reasonably may be expected to have, the ability to pay." *State v. Brown*, 6th Dist. Lucas No. L-18-1140. 2020-Ohio-1650, ¶ 37, citing *State v. Gray*, 6th Dist. No. L-15-1072, 2015-Ohio-5021, ¶ 21; *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14.

11.

{¶ 27} The parties do not dispute and we agree that the court failed to find that appellant had the ability to pay the costs of appointed counsel. Appellant's second assignment of error is well-taken.

{¶ 28} Based on the foregoing, we find that the trial court did not err in denying appellant's motion to suppress. The court did err in imposing the costs of assigned counsel. Accordingly, the May 14, 2020 judgment of the Fulton County Court of Common Plea is affirmed in part, and reversed and vacated as to the court-appointed counsel costs. Appellant and the state are ordered to share the costs of this appeal under App.R. 24.

Judgment affirmed, in part,<br>
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                                             JUDGE
Thomas J. Osowik, J.       

Christine E. Mayle, J.        _____
CONCUR.                                                     JUDGE

_____
                                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.