[Cite as *State v. Dula*, 2026-Ohio-2435.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

 Michael Dula

    Appellant

Court of Appeals No.  {48}L-25-00088

Trial Court No.  CR0202301931

**DECISION AND JUDGMENT**

Decided: June 26, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, P.J.**

{¶ 1} This is an appeal of an April 25, 2025 judgment of the Lucas County Court of Common Pleas, finding appellant guilty, pursuant to a negotiated plea agreement, on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the first degree, and thereafter sentencing appellant to a term of incarceration ranging from a minimum term of three years, to a maximum term of four and one-half years, along with the mandatory minimum fine of $10,000.  Upon motion of appellant, the costs of

prosecution were waived. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Michael Dula, sets forth the following two assignments of error:

I. THE AFFIDAVITS SUBMITTED DID NOT CONTAIN SUFFICIENT PROBABLE CAUSE TO SUPPORT THE ISSUANCE OF [THE] TWO SEARCH WARRANTS BASED ON EITHER THE TOTALITY OF THE CIRCUMSTANCES TEST, OR THE GOOD FAITH EXCEPTION.

II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL[,] WHEN A STATEMENT OF EVIDENCE IN SUPPORT OF APPELLANT WAS PRESENTED AS A LETTER, RATHER THAN AS AN AFFIDAVIT, AND A RECORDING REFERENCED IN APPELLANT'S MOTION WASN'T PRESENTED TO THE COURT.

*Case Background*

{¶ 3} The following facts are derived from the record of evidence presented to the trial court. In 2022, a law enforcement undercover investigation of appellant was coordinated between the Perrysburg Police Department and the DEA Toledo Office, in which surveillance of appellant was conducted in response to the receipt of information by a known informant suggestive that appellant, who possesses an extensive criminal record including drug offenses, was engaging in drug trafficking.

{¶ 4} During the course of the investigation, law enforcement utilized a known, reliable, confidential informant. This informant had previously provided information to law enforcement that proved accurate, resulting in arrests and charges being filed for drug offenses.

{¶ 5} On December 2, 2022, the confidential informant advised Detective Widmar ("Widmar") of the Perrysburg Police Department that, earlier that day, the confidential informant had purchased narcotics from appellant, and had directly observed appellant cutting, and preparing for sale, an estimated 500g of cocaine. In conjunction, the confidential informant learned that appellant would be leaving the following day to travel south to Tennessee to sell the cocaine. The confidential informant further advised Widmar that appellant intended to utilize a rental car for the drug trafficking trip to Tennessee.

{¶ 6} Based upon this information, law enforcement promptly conducted additional surveillance of appellant and appellant's residence. Consistent with the information provided, on December 3, 2022, the day that the confidential informant indicated that appellant would be traveling to Tennessee to engage in drug trafficking, a white Kia motor vehicle owned by a rental car company was observed by the undercover officers parked in appellant's driveway.

*GPS Tracking Device Warrant*

{¶ 7} Based upon these circumstances, Widmar prepared an affidavit outlining this information and requesting a search warrant to place a GPS tracking device on

appellant's rental vehicle. The search warrant was issued and the tracking device was put into place.

{¶ 8} Upon appellant leaving his residence, driving the rental vehicle, electronic surveillance of the vehicle's location confirmed that appellant traveled to I-75, and began driving south, again consistent with the information provided by the confidential informant.

{¶ 9} On December 3, 2022, while appellant was traveling south on I-75 in the rental vehicle, he was stopped by the Ohio State Highway Patrol for speeding. Upon confirmation that the driver was appellant, and in coordination with the investigating law enforcement agencies, a drug sniffing canine was dispatched to appellant's location. The canine gave a positive indication to the presence of unlawful drugs in appellant's rental vehicle and, thereafter, a search of the vehicle was conducted. The search of the vehicle recovered one pound of marijuana, 90g of suspected crack cocaine, and 100g of suspected cocaine. Field testing confirmed the substances recovered to be crack cocaine and cocaine. The recovery of the cocaine from appellant's rental vehicle, while appellant was driving south, all corroborated the information that had been furnished by the confidential informant to Widmar.

*Residence Search Warrant and Indictment*

{¶ 10} On December 9, 2022, following the December 3, 2022, recovery of cocaine from appellant's rental vehicle, a search warrant was next obtained for appellant's Toledo residence, likewise supported by the Widmar affidavit, the veracity of

which had been subsequently confirmed by law enforcement during the above-described events of December 3, 2022.  During the search of appellant's residence, a measuring scale and plastic baggies, consistent with drug trafficking, were recovered.

{¶ 11} On June 22, 2023, based upon the foregoing, appellant was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the first degree, one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the first degree, with both counts accompanied by major drug offender specifications, and one count of having weapons while under disability, in violation of R.C. 2923.11(A), as enhanced to a felony of the third degree based upon appellant's prior felony convictions.

*Motion to Suppress Filing*

{¶ 12} On March 11, 2024, appellant filed dual motions to suppress, with the first a general request to suppress all evidence obtained by the search warrants, and the second a specific request, seeking to suppress all evidence recovered from a DVR obtained during the search of appellant's residence.  On April 4, 2024, the State filed a brief in opposition.

*Motion to Suppress Ruling*

{¶ 13} On August 21, 2024, the trial court ruled on the motions to suppress, holding in pertinent part,

> On December 9, 2022, a search warrant was executed at [appellant's residence in Toledo].  The evidence obtained. . . led to defendant being charged with felony drug offenses.  The search warrant was issued following an undercover investigation, including information obtained from a confidential informant.

Defendant's general motion to suppress argues that there was not sufficient information in the affidavit to permit a magistrate to determine that probable cause existed to search the residence because there was no information provided that drugs were being stored or sold from the residence. . .Detective Widmar sought the search warrant for the premises. . .In May, 2022, [the confidential informant] provided information to [BCI] that the [confidential informant] had purchased drugs from defendant on multiple occasions and at various locations. [The confidential informant] has participated in several other drug-related investigations. . . On December 2, 2022, [the confidential informant] informed officers that defendant intended on renting a vehicle and traveling to Tennessee [to engage in drug trafficking]. On that day, [the confidential informant] met with defendant at the premises [appellant's residence] and observed defendant possessing what [was estimated to be] 500g of cocaine. Defendant was later pulled over in the rental vehicle with marijuana and cocaine [recovered from appellant's] vehicle. . .

The Court first finds that probable cause existed to search the premises. The warrant contains sufficient evidence that drug activity was present at the residence. [The confidential informant] personally interacted with defendant [at his residence] in relation to drug trafficking. Most importantly, [the confidential informant] witnessed what he estimated to be 500g of cocaine at the premises one day before the search warrant was executed. The finding of probable cause was not based upon wholly conclusory statement[s], but rather from direct information that drugs were present at the residence provided by [the confidential informant], a reliable source as averred by the detective. As such, the affiant provided sufficient information that formed a nexus between defendant's drug activity outside of the premises to the premises themselves. [The confidential informant's] statement was sufficient information upon which the issuing magistrate could find that probable cause existed that drug trafficking was occurring at the residence. . . A reading of the entire affidavit reveals. . .the detective averred that [the confidential informant] has worked on prior investigations and has proven reliable, that [the confidential informant] has cooperated for many years as an informant, and that his information in the past has led to seizures of drugs and led to arrests. *The affiant in this matter specifically stated that information provided by [the confidential informant] has been corroborated through surveillance an*

*investigation and is considered to be reliable by law enforcement. .
.Defendant presented an unverified letter from his girlfriend that he
was not in the rental vehicle or at the house at the time that [the
confidential informant] was at the house and viewed a large amount
of cocaine. The letter is not authenticated in any way and is not
presented as an affidavit. . .Defendant's warrant motion to suppress
is hereby denied. . .The DVR system does not reasonably fall within
any of the categories of items to be searched [in the residence]
contained within the warrant. . .As the DVR was not within the scope
of the warrant. . . The court orders the suppression of the DVR and
any evidence derived therefrom.* (Emphasis added).

### Plea and Sentencing

{¶ 14} On March 10, 2025, following the motion to suppress determination,
granting it as pertains to the DVR contents, and denying it as to the remainder, appellant
entered a negotiated plea to one count of trafficking in cocaine, in violation of R.C.
2925.03(A)(2), a felony of the first degree. In exchange, the remaining offenses were
dismissed. In addition, the court adopted the voluntarily negotiated, recommended term
of incarceration, ranging from a mandatory minimum term of three years, to a maximum
term of four and one-half years. A timely notice of appeal was filed.

### First Assignment: Motion to Suppress

{¶ 15} In the first assignment of error, appellant argues that the trial court abused
its discretion in denying appellant's motion to suppress evidence stemming from the
search warrants for appellant's residence and rental vehicle. We are not convinced.

*Totality of the Circumstances Probable Cause Determination*

**{¶ 16}** As held by this court in *State v. Long*, 2020-Ohio-4090,¶ 19-22 (6th Dist.),

> Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact. Although we must accept any findings of fact that are supported by competent, credible evidence, we conduct a de novo review to determine whether the facts satisfy the applicable legal standard, and this independent review is done without deference to the trial court. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, ¶ 7, citing *Burnside* at ¶ 8; *State v. Jones-Bateman*, 2013-Ohio-4739, ¶ 9 (6th Dist.). . . A reviewing court does not conduct a de novo review of the magistrate's probable cause determination. *State v. George*, 45 Ohio St.3d 325, 330 (1989). Instead, we must ensure that the magistrate had a substantial basis, considering the totality of the circumstances, for concluding that probable cause existed. *Castagnola* at ¶ 35, citing *George* at 329. . .An issuing judge's probable cause determination is entitled to great deference. *State v. Williams*, 2007-Ohio-4472, ¶ 13 (6th Dist.), citing *George* at 330. . . A judge may issue a search warrant based solely on facts presented by affidavit or may require an affiant to appear and present oral testimony to supplement the affidavit. Crim.R. 41(C)(1), (2). If the warrant is based solely on information provided by affidavit, review of the issuing judge's probable cause determination-- both at the trial and appellate court levels-- is limited to the information found within the four corners of the affidavit. *Castagnola* at ¶ 39.

**{¶ 17}** Specifically, appellant asserts, "This court should find that the facts here simply are not specific enough to support a search warrant. . . Significantly, there were no facts as to any controlled buys by the [confidential informant] in support of this affidavit."

**{¶ 18}** The record reflects that the Widmar affidavit, from which the subject search warrants were issued, specifically conveyed that on December 2, 2022, appellant sold the

confidential informant, whom Widmar knew to be reliable based upon prior dealings, 500g of narcotics. The affidavit further specified that the confidential informant directly observed appellant cutting up an estimated 500g of cocaine, and that appellant intended to travel in a rental car to Tennessee to sell the cocaine. The affidavit further specifies that undercover surveillance of appellant's home on the following day consistently observed a white Kia rental car parked in appellant's driveway, in corroboration of the confidential informant's information.

*GPS Tracking Device Warrant and Traffic Stop*

{¶ 19} On the basis of the above information, as set forth in the affidavit, on December 3, 2022, a search warrant was obtained to place a GPS tracking device on appellant's rental car. Later on December 3, 2022, undercover officers performing electronic surveillance detected that appellant's rental car had departed the premises. Appellant later traveled to I-75, and headed south, in further corroboration of the information provided by the confidential informant, and as set forth in the affidavit. Upon subsequently being stopped by the OSHP for speeding on I-75, the coordinating law enforcement agencies dispatched a drug sniffing canine to the scene. The canine gave a positive indication for the presence of unlawful drugs in appellant's rental vehicle, and the ensuing search of the vehicle recovered one pound of marijuana, 90g of suspected crack cocaine, and 100g of suspected cocaine. Field testing then confirmed the substances to be crack cocaine and cocaine, in further corroboration of the information provided by the confidential informant, as set forth in the affidavit.

*Residence Search Warrant*

{¶ 20} On December 9, 2022, in the context of appellant's traffic stop corroborating the confidential informant's information conveyed to Widmar; namely, that on December 2, 2022, the confidential informant observed appellant, in appellant's residence, preparing cocaine to take south to Tennessee in a rental car for the stated purpose of selling said cocaine and, on December 3, 2022, appellant was stopped in a rental car, traveling south on I-75, in possession of cocaine. As such, on the basis of the same affidavit, a search warrant was then obtained for appellant's residence. Execution of that search warrant recovered scales and baggies, likewise consistent with drug trafficking activities.

{¶ 21} Notably, appellant's argument that the affidavit is fatally nonspecific, in that it did not precisely define the amounts of cocaine that the confidential informant had purchased from appellant in the past, and that there were no specific dates set forth in the affidavit regarding appellant's out-of-state trips, is unaccompanied by relevant legal authority supportive of appellant's proposition that the lack of the cited details renders the affidavit insufficiently specific from which a magistrate may conclude that there is a fair probability that evidence of drug activities would be found in appellant's rental car and/or residence.

{¶ 22} On the contrary, we find that the affidavit prepared by law enforcement, in the course of an undercover surveillance operation, in which a known, reliable confidential informant was utilized, setting forth the fundamental facts that the

confidential informant acquired drugs from appellant, at appellant's residence, on December 2, 2022, observed appellant at that time preparing cocaine to be sold, and learned that appellant planned to leave in a rental car to travel south in Tennessee shortly thereafter for purposes of selling the cocaine, after which a white Kia rental car was observed in appellant's driveway, constituted the requisite substantial evidence for the magistrate to conclude there was a fair probability that evidence of a crime would be found in appellant's rental car, in support of the search warrant issued to place a GPS tracking device on appellant's rental car.

{¶ 23} Upon the December 3, 2022 traffic stop of appellant, while traveling south on I-75 in the rental car, the drug sniffing canine positively indicated on the rental car, and quantities of cocaine were recovered, in further corroboration of the confidential informant's information conveyed to Widmar, as set forth in the subject affidavit. Accordingly, on December 9, 2022, given the aligned instances of law enforcement actions corroborating appellant's present engagement in drug activities, as correctly conveyed by the confidential informant to Widmar, and as set forth in the Widmar affidavit, an additional search warrant was issued, on the basis of the same affidavit, for appellant's residence.

{¶ 24} On December 9, 2022, the search warrant was executed at appellant's residence, and scales and plastic baggies consistent with drug trafficking activities were recovered.

{¶ 25} Based upon the totality of the circumstances set forth in the foregoing, we find that the magistrate had a substantial basis for concluding that probable cause existed, and the evidence presented was sufficient to conclude that there was a fair probability that evidence of drug offenses would be found at appellant's rental vehicle and/or residence based upon the verified indicia of appellant's present engagement in drug activities.

{¶ 26} Wherefore, we find appellant's first assignment of error not well taken.

*Second Assignment: Ineffective Assistance*

{¶ 27} In the second assignment of error, appellant argues that he received ineffective assistance of counsel. Specifically, appellant states that he,

> [O]tained a signed letter from a witness [appellant's girlfriend] disputing his presence at the location of an alleged drug trafficking event on December 2, 2022 when the [confidential informant] claimed to observed appellant at the residence, in possession of approximately 500g of cocaine. . .However, defense counsel took no steps to help the witness prepare an affidavit of the same facts, so that it could reasonably have been considered by the Court.

{¶ 28} As held by this court in *State v. Davies*, 2025-Ohio-261, ¶ 17 (6th Dist.),

> It is well-established that in order to demonstrate ineffective assistance of counsel, one must satisfy a two-pronged test. First, it must be shown that counsel's representation was deficient in some specific way, falling below an objective standard of reasonableness. If the first prong is satisfied, then it must be shown that, but for the demonstrated deficiency, the outcome of the case would've been different. *Stickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052 (1984). In conjunction, appellate courts must be highly deferential and retain a strong presumption that counsel's conduct fell within the range of reasonable professional assistance when reviewing ineffective assistance of counsel claims. *Id*. at 689. Further, as held by this court in *State v. Jackson*, 2021-Ohio-4619, ¶ 17 (6th Dist.), 'A properly

licensed attorney in Ohio is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153 (1988). Tactical, strategic decisions do not constitute a meritorious basis of an ineffective assistance of counsel claim. *State v. Phillips*, 74 Ohio St.3d 72 (1995).

{¶ 29} As applied to this case, appellant has not demonstrated that counsel's decision to not present an alibi letter from appellant's girlfriend in the form of a supporting affidavit was anything other than a tactical determination, such that it could arguably be demonstrated that it constituted deficient representation. Given the credibility concerns of such evidence, appellant has not shown that counsel's course of action was anything other than a legitimate, strategic choice. The first prong of *Strickland* has not been satisfied.

{¶ 30} However, even assuming arguendo that the first prong of *Strickland* was satisfied, appellant has furnished no evidence demonstrative that the trial court would have found an alibi affidavit from appellant's girlfriend to be of greater credibility than the law enforcement affidavit setting forth fundamental factual representations from a known, reliable confidential informant, with the representations subsequently having been shown to be accurate by subsequent law enforcement action. As such, appellant has not shown, that but for the claimed deficiency, the outcome of the matter would have been different. We find appellant's second assignment of error not well-taken.

**{¶ 31}** Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

                                                          Judgment affirmed.


          A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.



Thomas J. Osowik, P.J.                    _____
                                                          JUDGE
Christine E. Mayle, J.

                                          _____
Charles E. Sulek, J.                                      JUDGE
CONCUR.

                                          _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.